**Sandra SMITH, Appellant,**

**v.**

**GREAT AMERICAN INSURANCE COMPANY, Appellee.**

**No. 5312.**

Supreme Court of Alaska.

June 19, 1981.

Paul A. Barrett, Call, Haycraft & Fenton, Fairbanks, for appellant.

Gary G. Foster and Dennis M. Bump, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and COMPTON, JJ., and DIMOND, Senior Justice.

---

## OPINION

PER CURIAM.

This lawsuit is based on a homeowner's insurance policy issued by Great American Insurance Company to Roy and Joan Hockenbury, the parents of Tim Hockenbury. The facts underlying the claim against Great American are not in dispute.

During June and the first few days of July of 1978, Tim Hockenbury was residing temporarily with his parents while he looked for suitable rental housing in Fairbanks. In early July, he entered into an agreement with Mary Johnson, who managed the property for appellant Sandra Smith, concerning the rental of a small house on Blueberry Street. In accordance with the terms of this agreement, Hockenbury paid a $100 security deposit and was given a key so that he could begin moving in. It was agreed that payment of rent would begin "as soon as [Hockenbury] got moved in" and that, in the meantime, Johnson would see that the carpet was cleaned.

On July 5, Hockenbury called Fairbanks Municipal Utilities System to request that electrical service, to be billed in his name, be initiated. He and three friends moved some of his possessions into the house that evening and, in the process, one of the four placed a cardboard box on top of the stove. When Hockenbury went to the house around 11:00 a. m. the next day to find out whether the electricity had been turned on, he saw through a window that a small fire was burning on top of the stove. The fire spread rapidly and caused extensive damage to the interior of the house before it was brought under control by the fire department. The parties to this appeal agree that the fire started shortly after the electrical service was turned on and that the cardboard box was ignited as a result of one of the burners having been inadvertently left in the "on" position.

Smith subsequently made demand against Hockenbury for compensation for the damage caused to her house. Hockenbury referred the matter to Great American,[1] which denied coverage and refused to defend the claim. In December 1978, Smith sued Hockenbury for his alleged negligence, seeking compensation for the fire damage in the amount of $18,369.83 in addition to lost rent, costs, and attorney's fees. Smith then proposed a settlement: her offer was that, in exchange for a confession of judgment by Hockenbury and an assignment of his rights against Great American, she would covenant not to execute on the confession judgment. Hockenbury informed Great American of this offer, and again demanded that it affirm coverage and take up his defense in the matter. When Great American again refused, Hockenbury settled with Smith according to the terms of her offer and confessed judgment in her favor in the amount of $24,339.68.

Smith brought the present action against Great American on the claim assigned to her by Hockenbury, alleging that it had wrongfully denied insurance coverage for Hockenbury's liability for damage caused by the fire and that it had breached its duty to defend him in the action that arose out of the accident. Great American moved for summary judgment on both claims for relief. The superior court granted Great American's motion, and this appeal followed.

■ Great American concedes that Hockenbury's brief stay at the house of his parents qualified him as an "insured" under their homeowner's policy.[2] Its denial of coverage is based on a clause in the policy

1. Coverage was claimed under the general liability provision of the homeowner's policy, which reads:

This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent. . . .

2. The insurance policy extended coverage to relatives of the policy holders who were "residents of the Named Insured's household."

which excludes from personal liability coverage:[3]

> property damage to property occupied or used by the Insured or rented to or in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control . . . .

The parties agree that resolution of the question of whether Hockenbury's liability to Smith is within the policy's coverage depends entirely upon a determination of whether the house was "rented to" Hockenbury at the time it burned. They apparently agree, likewise, that property becomes "rented to" a tenant at the time the tenant's right to exclusive possession of the premises arises.[4] Smith's position is that the right to exclusive possession of the premises had not passed to Hockenbury at the time of the fire because he had not yet begun paying rent and because cleaning of the house had not been completed; for those reasons, she argues, the house had not yet been surrendered to him for occupancy. Great American professes to be "simply amazed that the plaintiff in this case can argue with a straight face that Tim Hockenbury had not rented her house."

Our review of the record persuades us that the superior court was correct in holding that "no reasonable person would find that Tim Hockenbury had not 'rented' Ms. Smith's house at the time of the fire loss." Smith argues that the house could not have been "rented to" Hockenbury when the fire occurred because no obligation to pay rent had yet accrued. It is, however, undisputed that Hockenbury was entitled to move into the house at any time after the parties had entered into the rental agreement. The fact that no rent would have been due until Hockenbury exercised his right to exclusive possession of the premises by moving in has no bearing on the existence of that right; the exercise of the right is not necessarily coextensive with its existence, and Smith's first argument must be rejected for that reason. Her remaining attack on the superior court's holding is based on Johnson's intention to clean the carpet before Hockenbury finished moving in. No claim is made that Hockenbury's right to possession was conditioned on completion of the intended cleaning; on the contrary, as we have noted, the right to move into the house attached as soon as he agreed to rent it.[5] We must therefore agree with appellee's claim that the undisputed facts of this case demonstrate that Smith's house was "rented to" Hockenbury when the fire damage occurred and, consequently, that Hockenbury's liability for the damage was excluded from the coverage of the Great American homeowner's policy by the clause denying coverage for "damage to property . . . rented to . . . the Insured."

It is true, as appellant asserts, that the duty of an insurer to defend its

---

**3.** It should be understood that the basis for the coverage claimed under the policy was the personal liability portion of the coverage rather than the portion insuring the homeowner's own property against damage from fire; thus, Hockenbury was claiming coverage for his liability to Smith for the fire damage to Smith's property rather than claiming coverage for the damage to his own possessions that were destroyed in the fire.

**4.** Appellant, quoting 76 C.J.S. *Rent* at 1167 (1952), defines "rented" as follows:

> *Rented.* A term which refers as well to the act of a lessee as to that of a lessor, and which, aside from any qualification by the context, naturally *means that the tenant has the exclusive possession for the time.* [footnotes omitted] [appellant's emphasis]

Appellee relies on Alaska's statutory definition of "tenant":

> "tenant" means a person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others . . . .

AS 34.03.360(16). We agree that premises are "rented to" a person when that person becomes a "tenant," and that under Alaskan statutory law this occurs when that person is entitled to occupy the premises "to the exclusion of others."

**5.** We note that under AS 34.03.140(a), a tenant must allow the landlord reasonable access to the rented premises to "supply . . . agreed services." The facts that "agreed services" in the present case were yet to be performed when the fire occurred and that Hockenbury would have been obliged to allow Johnson access to perform those services in no way undercut Hockenbury's "tenant" status at that time.

insured is broader than the duty to provide coverage. *See Afcan v. Mutual Fire, Marine and Inland Insurance Co.*, 595 P.2d 638, 645 (Alaska 1979). An insurer is obligated to defend a claim based on allegations not within policy coverage if "the true facts are within, or potentially within, the policy coverage and are known or reasonably ascertainable to the insurer." *National Indemnity Co. v. Flesher*, 469 P.2d 360, 366 (Alaska 1970). In her original complaint, Smith alleged that Hockenbury had "rented" the house at the time it burned; that claim was thus based on allegations outside of the policy's coverage. Appellant argues, however, that the "true facts" were "potentially within" the coverage of the policy because the time at which Hockenbury's right to possession attached was at least open to question, and that Great American was obligated to defend for that reason. Our agreement with the superior court's conclusion that no reasonable person could find that Smith's house was not "rented to" Hockenbury at the time of the fire is dispositive of this contention. Hockenbury's liability to Smith was clearly excluded from the coverage of the homeowner's policy upon which the present suit is based; the true facts of Smith's claim were not potentially within the policy's coverage, and Great American therefore had no duty to defend that claim.

The superior court's entry of summary judgment in Great American's favor is AFFIRMED.[6]

MATTHEWS, J., not participating.

---

**6.** Our resolution of these issues renders it unnecessary to reach appellee's alternative argu-
ment in support of the superior court's holding.