STATE FARM FIRE & CASUALTY COMPANY, Plaintiff-Appellant, v. KATHLEEN WONNELL, a/k/a Kathleen Kuhajda, a/k/a Kathleen Wonnell Rainwater, *et al.*, Defendants-Appellees.

Third District   No. 3—87—0877

Opinion filed January 18, 1989.

BARRY, J., dissenting.

Victor J. Piekarski, Frederick J. Sudekum III, and Michael Resis, all of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellant.

Frank J. Black, of Black & Black, and Gary A. Dobbs, both of Morris, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

State Farm Fire & Casualty Company brought this declaratory judgment action to determine coverage under its homeowner policy issued to Kathleen Wonnell Rainwater to insure her and her residence in Garnett, Illinois. Judith McConahay had filed an action to recover damages for personal injuries sustained in a fall at the insured location while she was lessee of the premises. After considering cross-motions for summary judgment, the trial court entered judgment for Rainwater, and State Farm perfected this appeal. We reverse.

Rainwater owned and occupied the residence in question for 12 years until she married and moved out. Rainwater then put her house up for sale and rented the house to McConahay on a month-to-month basis from October 1984 to May 1985. During February 1985, four months after leasing the house, McConahay injured her ankle in a fall near the garage, and she subsequently filed suit for damages against Rainwater.

State Farm asserts that no liability coverage was provided to Rainwater for McConahay's lawsuit because of the following exclusion contained within the homeowner policy which provided:

"1. Coverage L—Personal Liability and Coverage M—Medical Payments to Others do not apply to:

* * *

(b.) bodily injury or property damage arising out of busi-

ness pursuits of any insured or the rental or holding for rental of any part of any premises by any insured. This exclusion does not apply:

\* \* \*

3. to the rental or holding for rental of a residence of yours:
(a) on an occasional basis for the exclusive use as a residence \* \* \*."

The trial court found that Rainwater had rented the home to McConahay only on an "occasional basis" and that the insurance policy by its own terms does not exclude coverage for this kind of rental. Consequently, the trial court held, as a matter of law, that the State Farm policy provides insurance coverage for McConahay's alleged accident.

The sole issue presented by this appeal is whether the trial court erred in finding that McConahay's rental of the Rainwater residence was "occasional." The policy itself does not define "occasional," and the parties have not provided us with any cases construing such a provision.

■ Rainwater argues that this rental was an irregular and singular event during her 12-year period of ownership of the home. Rainwater maintains that only on this one occasion did she rent out the home, and then it was on a temporary month-to-month basis until she could sell it. On the other hand, State Farm contends that only arrangements to rent one's residence while away on vacation or on a business trip would qualify as an "occasional" rental; a full-time rental after the owner has moved out of the residence with no intention to return would not qualify. We find that State Farm's interpretation of the term "occasional" is the only reasonable construction under the State Farm homeowner policy.

■■ In construing insurance contracts, this court must examine the policy as a whole and, to the extent possible, give effect to all provisions and interpret words according to their plain, ordinary and popular meanings. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 495.) The term "occasional" has been defined as: "[O]ccurring or appearing at irregular or infrequent intervals." (Webster's New Collegiate Dictionary 787 (1981).) In the instant case, McConahay's tenancy was not "irregular" or "infrequent." Rather, McConahay lived with her children at the home in question, full time, for at least seven months, without interruption. This arrangement did not constitute rental on an "occasional basis," but constituted a full-fledged rental of the subject premises. To hold otherwise would ren-

der the rental exclusion under the policy meaningless.

■ The purpose behind the "occasional" rental exception was to allow the insured to rent his or her residence while living elsewhere temporarily, but with the intention to return there to live. In the case at bar, Rainwater had married, moved, and had been trying to sell the house since 1983. The record reveals no intent on the part of Rainwater to return to the residence at the conclusion of McConahay's open-ended tenancy. Based on these facts the home was no longer Rainwater's residence, but in fact had become McConahay's residence on a full-time basis. Consequently, the rental exclusion under the State Farm policy applies and no liability coverage was provided to Rainwater for McConahay's lawsuit. For the reasons stated, we find that State Farm had no duty to defend or indemnify Rainwater for the action brought against her by McConahay. Consequently, we reverse the summary judgment entered against State Farm and rule in favor of State Farm's motion for summary judgment.

Reversed.

WOMBACHER, J., concurs.

JUSTICE BARRY, dissenting:
I would affirm the trial court; therefore, I must dissent.

As indicated in the majority opinion, State Farm contends that only arrangements to rent one's residence while away on vacation or on a business trip would qualify as an "occasional" rental; a full-time rental after the owner has moved out of the residence with no intention to return would not qualify. Rainwater, on the other hand, argues that this was an irregular and singular event during her 12-year period of ownership of the home. In my view, one short rental period during her 12 years of ownership should qualify as "irregular." Also, I think it significant that she plainly was not in the business of renting the house as a regular source of income.

The exclusionary clause of the contract is ambiguous in that the phrase "on an occasional basis" is not defined and is subject to more than one reasonable interpretation. In such situation, the law is clear:

> "Where the terms of an insurance policy are ambiguous or are subject to more than one reasonable construction, the policy should be construed in favor of the insured and strictly against the insurer. [Citations.] This is especially true as to any ambiguities found in an exclusionary clause." *Reliance Insurance Co. v. Martin* (1984), 126 Ill. App. 3d 94, 96, 467 N.E.2d 287.

Plainly, provisions by which the insurer seeks to limit its liability are construed against the insurer and in favor of the insured. (*Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044; *Dobosz v. State Farm Fire & Casualty Co.* (1983), 120 Ill. App. 3d 674, 458 N.E.2d 611.) In a case which involved an exclusion from homeowner's coverage for damage arising out of business pursuits of the insured, the court held that exclusionary provisions are applied only where the terms are clear, definite and explicit. (*State Farm Fire & Casualty Co. v. Moore* (1981), 103 Ill. App. 3d 250.) As the drafter of the insurance policy, State Farm could have stated its rental exclusion clearly and precisely. By using unclear terminology, susceptible to more than one reasonable interpretation, State Farm created an ambiguity which must be construed against State Farm and in favor of the insured.

The majority has apparently concluded that the contract is not ambiguous. I cannot agree. I would affirm the decision of the trial court.