70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rebecca O'Brien FERGUSON, Plaintiff-Appellee,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.
 No. 94-36205.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1995.
Decided Sept. 5, 1995.
 
 Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 State Farm Fire & Casualty Company ("State Farm") appeals from a summary judgment entered against it in favor of Rebecca O'Brien Ferguson, the assignee of its policyholder Barbara Babcock. The district court held that State Farm breached its duty to defend Babcock against a negligence claim brought by Ferguson who was injured while renting Babcock's house. State Farm argues that the district court erred in entering judgment for Ferguson because (1) Ferguson's complaint did not allege a potentially covered claim and (2) extrinsic evidence confirmed that Ferguson's claim fell within a policy exclusion. We reverse.
 
 BACKGROUND
 
 3
 Ferguson's complaint against Babcock alleged that she "occupied Defendant's residential property in Alaska pursuant to a written rental agreement." The homeowner's policy provided that State Farm would not cover any claim for "bodily injury arising out of ... the rental or holding for rental of any part of any premises" by the insured. The policy also contained a provision obligating State Farm to cover bodily injury arising out of the "occasional" rental of Babcock's house.
 
 
 4
 The parties agree that an insurer has a duty to defend if the complaint against the insured alleges facts potentially within the policy's coverage. See Afcan v. Mutual Fire, Marine & Inland Ins. Co., 595 P.2d 638, 645 (Alaska 1979) (duty to defend arises "whenever a complaint states a cause of action within, or potentially within, the policy coverage.") In State Farm's view, however, the complaint came within the clear language of the policy's rental exclusion because (1) it made repeated references to the fact that Ferguson was occupying Babcock's house under a rental agreement and (2) it failed to expressly allege that Ferguson was renting Babcock's house on an occasional basis. Under Alaska law, if the complaint's allegations were not within the policy's coverage, State Farm was required to conduct a reasonable investigation to determine whether extrinsic facts might trigger coverage. Alaska Pacific Assur. Co. v. Collins, 794 P.2d 936, 945 (Alaska 1990). Without such facts, the insurer would have no duty to defend. Smith v. Great Am. Ins. Co., 629 P.2d 543, 546 (Alaska 1981). If, on the other hand, the complaint did allege a potentially covered claim, State Farm would not be entitled to use extrinsic evidence to avoid its duty to defend. Sauer v. Home Indem. Co., 841 P.2d 176, 182 (Alaska 1992). State Farm, believing that the complaint alleged a non-covered claim, conducted an investigation and concluded that Ferguson was a non-occasional renter. It thus rejected Babcock's tender of defense. The district court concluded that Ferguson's complaint did allege a potentially covered claim because State Farm could not tell from the face of the complaint whether Ferguson's rental was occasional or not. The court therefore held that State Farm was precluded from using extrinsic evidence to avoid its duty to defend and that State Farm was liable to Ferguson for the damages awarded against Babcock.
 
 DISCUSSION
 
 5
 We conclude that Ferguson's complaint did not allege a potentially covered claim. Pertinent case law suggests that where a complaint comes within the clear language of a policy exclusion, it must also contain facts suggesting that a policy exception applies. Otherwise, the claim is not potentially covered and the insurer must investigate whether extrinsic facts trigger coverage.
 
 
 6
 Sauer v. Home Indem. Co., 841 P.2d 176 (Alaska 1992) is informative. In Sauer, the insurer had a duty to defend because the complaint alleged a claim potentially within the policy's coverage, and the insurer was precluded as a matter of law from choosing one version of the extrinsic facts which would avoid the duty. There, a resident of a trailer park claimed in an underlying tort action that a sewage leak had occurred as a result of the park owner's gross negligence. Id. at 181. The court held that the negligence claim clearly fell within the policy's definition of an "occurrence." Id. The insurer argued, however, that the policy's pollution exclusion, which excluded coverage for damages arising from a release of pollutants unless such release was "sudden and accidental," relieved it of any duty to defend. The court disagreed, holding that because the damages suffered by the park residents were at least potentially "sudden and accidental," and thus possibly outside the policy's exclusion, the insurer had a duty to defend. Significantly, in reaching this conclusion, the Sauer court did not hold that the damages were potentially "sudden and accidental" merely because the complaint was silent as to the nature of the leak. Instead, the court examined other courts' interpretations of the phrase "sudden and accidental" and held, based on the extrinsic fact that the sewage leak occurred "over several days or a few weeks," that the discharge was arguably "sudden and accidental" within the legal meaning of the phrase. Id. at 181 & n. 8.
 
 
 7
 Here, as in Sauer, Babcock's policy clearly covered negligence claims, the only cause of action alleged in the underlying complaint. Contrary to Ferguson's suggestion, however, the fact that negligence was a covered claim does not mean that the rental exclusion can be ignored. In Smith, 629 P.2d at 546, although the underlying complaint alleged negligence, the court held that a rental exclusion contained in the policy barred coverage. The relevant question at this point becomes whether the "occasional" rental exception was potentially applicable. Rather than concluding, as did the district court, that the exception was potentially available because there was no way to tell, based on the allegations of the complaint, whether Ferguson's rental of Babcock's house was or was not occasional, we follow Sauer 's approach and determine whether there are any facts suggesting that Ferguson's rental was at least potentially "occasional" as courts have interpreted that term. Alaska courts bar extrinsic evidence only when the potential for coverage has already been established based upon the allegations of the complaint. Afcan, 595 P.2d at 645. Here, it was unclear whether there was a potential for coverage at all. The complaint refers to Ferguson's rental of Babcock's house. The policy explicitly excludes rentals, but includes occasional rentals. Because the complaint does not indicate whether Ferguson was an occasional renter, it is impossible to say whether, "if the allegations [were] sustained, the insurer [would] be required to pay the resulting judgment." Barry R. Ostrager & Thomas R. Newman, Handbook on Insurance Coverage Disputes, Sec. 5.02(a) at 135 (7th ed. 1994) (quoting Danek v. Hommer, 100 A.2d 198, 202 (N.J.1953), aff'd per curiam, 105 A.2d 677 (1954)).
 
 
 8
 The Maryland Court of Appeals recently addressed a similar situation in Aetna Cas. & Sur. Co. v. Cochran, 651 A.2d 859 (Md.1995). In that case, a third-party plaintiff sued the insured for assault and battery. The policy excluded coverage for intentional bodily injury except for injury inflicted as a result of the reasonable defense of persons and property. The complaint asserted a clearly excluded claim, but failed to allege any facts suggesting that the exception to that exclusion might apply. The court stated that the allegations of the complaint did not, on their face, indicate coverage. Cochran, 651 A.2d at 863.[1] The court went on to hold that where a potentiality of coverage is uncertain from a complaint's allegations, any doubt must be resolved in favor of the insured by reference to extrinsic evidence. Cochran, 651 A.2d at 864-65.[2] It thus allowed the policyholder to use extrinsic evidence to show that the reasonable force exception applied. See National Indemnity Co. v. Flesher, 469 P.2d 360, 366 (Alaska 1970) (extrinsic evidence may be used to prove that claim is within policy's coverage where complaint itself does not allege covered claim).
 
 
 9
 Sauer is consistent with Cochran. In Sauer, as in Cochran, the complaint failed to allege facts demonstrating the applicability of a policy exception. Rather than taking the complaint's silence with respect to the nature of the sewage leak as an indication that the claim was potentially covered, the court went beyond the allegations of the complaint, referring to extrinsic evidence to hold that the complaint alleged a potentially covered claim. Sauer, 841 P.2d at 181 & n. 8.
 
 
 10
 Applying Sauer 's approach here, the relevant question is whether there are any facts suggesting that Ferguson's rental was at least potentially "occasional" as courts have interpreted that term. This is a mixed question of fact and law because it "concern[s] the legal significance of undisputed facts. When a mixed question of fact and law involves undisputed underlying facts, summary judgment may be appropriate." Union School Dist. v. Smith, 15 F.3d 1519, 1523 (9th Cir.), cert. denied, 115 S.Ct. 428 (1994). Ferguson strenuously disagrees with State Farm's contention that the underlying facts of her tenancy are undisputed. Even based on Ferguson's version of the facts, however, we conclude that there was more than occasional rental at Babcock's home.
 
 
 11
 According to Ferguson, her rental was occasional for the following reasons: (1) it was agreed that her tenancy would last only until Babcock's house could be sold; (2) Babcock's house was advertised as being for sale and for rent; (3) she and Babcock's daughter discussed a lease-purchase arrangement involving the house rather than a rental arrangement; and (4) Ferguson was required to show the house to prospective buyers. Under pertinent legal authority, none of these factors suggest that Ferguson's rental was only occasional.[3]
 
 
 12
 State Farm Fire & Cas. Co. v. Wonnell, 533 N.E.2d 1131 (Ill.App. 3 Dist.1989) is informative. In that case, the insured put her house up for sale while renting it to the claimant on a month-to-month basis. Four months after leasing the house, the claimant was injured. The homeowner had an insurance policy with an "occasional" rental exception identical to the one contained in Babcock's policy. Id. at 1132. The policyholder argued that the rental was occasional because the month-to-month lease would run only until the house could be sold. The court disagreed, noting that (1) the injured claimant lived at the house full-time for at least seven months without interruption; (2) the owner had married, moved and had been trying to sell the house; and (3) there was no indication that the owner intended to return. Wonnell, 533 N.E.2d at 1133. Here, Babcock moved away and was actively attempting to sell the house. Our review of the record reveals nothing to suggest that she ever intended to resume living in the house. Ferguson began living in the house on June 27, 1992, but was given a notice to quit effective October 1, 1992. The fact that her three-month tenancy was of a shorter duration than that of the Wonnell claimant does not change the analysis. Ferguson lived in the house without interruption and only moved out after being given a notice to quit. Her tenancy was therefore not "irregular" or "infrequent." See Wonnell, 533 N.E.2d at 1133 (citing Webster's New Collegiate Dictionary, 787 (1981) (referring to definition of "occasional" as "occurring or appearing at irregular or infrequent intervals.") See also Martin v. Cotton States Mut. Ins. Co., 435 S.E.2d 258 (Ga.App.1993) (continuous rental since 1986 not "occasional" as a matter of law); Blue Ridge Ins. Co. v. Newman, 423 So.2d 1, 4-5 (La.App.1982) (continuous rental for 15 months not "occasional."), rev'd in part on other grounds, 453 So.2d 554 (La.1984).
 
 
 13
 For the foregoing reasons, there was no potential for coverage under the policy. Based on a reasonable investigation, State Farm properly concluded that there were no extrinsic facts that might trigger coverage. Collins, 794 P.2d at 945. Thus, State Farm had no duty to defend and was therefore not liable for the judgment entered against Babcock.
 
 
 14
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See generally, Afcan, 595 P.2d at 645 (first emphasis in original; second emphasis added) (duty to defend where "the complaint on its face alleges facts which, standing alone, give rise to a possible finding of liability covered by the policy"); Theodore v. Zurich General Accident & Liab. Ins. Co., 364 P.2d 51, 55 (Alaska 1961) ("It is the allegation in the complaint that controls. If it comprehends an injury that may be within the policy, then the promise to defend includes it.")
 
 
 [2]
 See also Barry R. Ostrager & Thomas R. Newman, Handbook on Insurance Coverage Disputes, Sec. 5.02[a] at 135 (7th ed. 1994) (quoting Danek v. Hommer, 100 A.2d 19, 202 (N.J.1953), aff'd per curiam, 105 A.2d 677 (1954) (in deciding whether there is a potential for coverage, doubts should be resolved in favor of the insured))
 
 
 [3]
 In the absence of Alaska precedent, "a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." Aeroquip Corp. v. Aetna Cas. & Sur. Co., 26 F.3d 893, 894 (9th Cir.1994) (quoting In re Kirkland, 915 F.2d 1236, 1238 (9th Cir.1990))