SECOND DIVISION

No. 1-09-0080

| | |
|---|---|
| KONSTANT PRODUCTS, INC., ROGER W. MEYERS and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Individually and as Subrogee of Konstant Products, Inc. and Roger W. Meyers, | ) Appeal from the ) Circuit Court of ) Cook County ) ) |
| Plaintiffs-Appellants, | ) No. 07 CH 05310 ) ) |
| v. | ) Honorable LeRoy K. ) Martin, Jr., |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, RICKY FELTES and PATRICIA L. FELTES, | ) Judge Presiding. ) |
| Defendants-Appellees. | ) |

JUSTICE KARNEZIS delivered the opinion of the court:

Plaintiffs Konstant Products, Inc. (Konstant), Roger W. Meyers (Meyers) and St. Paul Fire and Marine Insurance Company (St. Paul), individually and as subrogee of Konstant and Meyers, appeal from the circuit court's order granting summary judgment in favor of defendants Liberty Mutual Fire Insurance Company (Liberty Mutual), Ricky Feltes (Feltes) and his wife, Patricia Feltes. On appeal, plaintiffs contend the circuit court erred in (1) concluding that an allegation made by Feltes in his original complaint constituted a judicial admission; (2) failing to consider extrinsic evidence when determining Liberty Mutual's obligations to Meyers and Konstant; and (3) failing to consider

Feltes' second amended complaint in determining Liberty Mutual's duty to defend.  For the following reasons, we affirm.

BACKGROUND

This cause of action arose as a result of an accident occurring at Konstant Products' facility in Quincy, Illinois, in which Feltes was injured.  On April 1, 2003, Feltes, during the course of his employment with Alter Scrap Co., drove an Alter Scrap truck to Konstant Products' facility to pick up a dumpster of scrap iron and load it onto his truck.  As Feltes stood in front of the truck, it began to roll forward and pinned Feltes between the truck and the dumpster.  Meyers, a Konstant Products employee, heard Feltes' cries for help and got into the truck. In attempting to back the truck away from Feltes, Meyers placed it in the wrong gear and drove the truck into Feltes.  Feltes filed a verified complaint against Konstant Products and Meyers. In paragraph 6A of the complaint, he alleged that Meyers negligently and carelessly operated the truck "against [Feltes'] verbal request."  St. Paul, Konstant Products' commercial liability insurer, accepted and undertook the defense of Konstant Products and Meyers.  St. Paul then tendered the defense to Alter Scrap's auto carrier, Liberty Mutual, on the basis that the Liberty Mutual auto policy provided coverage for Meyers as a

"permitted user" of the Alter Scrap truck.  Liberty Mutual subsequently denied the tender because it contended that Meyers was not a permissive user since the verified complaint expressly alleged that Meyers operated the vehicle against Feltes' objections.  Feltes subsequently filed a second amended verified complaint, which omitted paragraph 6A.  St. Paul continued defending Konstant and Meyers and ultimately settled the lawsuit on their behalf for $40,000.

Thereafter, St. Paul filed a declaratory judgment action seeking a declaration that Liberty Mutual had a duty to defend Konstant and Meyers in connection with the Feltes' lawsuit and further sought reimbursement of defense costs and the $40,000 settlement payment.  Ultimately, both Liberty Mutual and St. Paul filed cross-motions for summary judgment.  The court granted Liberty Mutual's motion, from which plaintiffs now appeal.

ANALYSIS

On appeal, plaintiffs contend the circuit court erred in concluding that paragraph 6A of the original complaint constituted a judicial admission that was binding throughout the litigation for purposes of determining Liberty Mutual's duty to defend.  Specifically, paragraph 6A alleged:

"Against Plaintiff's verbal request, [Meyers]

3

negligently and carelessly entered Plaintiff's vehicle, against Plaintiff's request and drove the vehicle into the dumpster three (3) times causing Plaintiff each time to be pinned between the truck and the dumpster."

Feltes' second amended complaint was identical to the original complaint, except that paragraph 6A was omitted.  The circuit court, in granting Liberty Mutual's motion for summary judgment, found that Feltes' allegation in the original complaint that Meyers did not have permission to drive the truck was a binding judicial admission that "did not go away" merely by filing an amended complaint.

Judicial admissions are formal admissions in the pleadings that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.  Robins v. Lasky, 123 Ill. App. 3d 194, 198 (1984).  Illinois law is well established that when a pleading is verified it remains part of the record even upon the filing of an amended pleading.  Robins v. Lasky, 123 Ill. App. 3d 194, 198 (1984).  A party's admissions contained in an original verified pleading are judicial admissions that still bind the pleader even after the filing of an amended pleading that supercedes the original.  Yarc v. American Hospital Supply Corp., 17 Ill. App. 3d 667, 670 (1974).

4

Moreover, any admissions that are not the product of mistake or inadvertence also bind the pleader throughout the litigation. Rynn v. Owens, 181 Ill. App. 3d 232, 235 (1989).

Here, it is undisputed that the original verified complaint contained Feltes' admission in paragraph 6A that unequivocally stated that Feltes did not grant Meyers permission to use the truck.  Additionally, there is no evidence or assertion that this admission was a result of a mistake or inadvertence.  Thus, Feltes' judicial admission remained binding on him throughout the litigation, notwithstanding the amended complaint.

The admission also remained binding on Liberty Mutual in determining its duty to defend.  Our supreme court has made clear that Illinois adheres to an "eight corners" analysis when determining a carrier's duty to defend.  Valley Forge Insurance Co. v. Swiderski Electronics, Inc., 223 Ill. 2d 352, 363 (2006) (stating a court must compare the facts alleged in the underlying complaint to the relevant provisions of the insurance policy to determine duty to defend); see also Pekin Insurance Co. v. Dial, 355 Ill. App. 3d 516, 519 (2004) (stating a court should apply the "eight corners rule" – that is the court should compare the four corners of the underlying tort complaint with the four corners of the insurance policy to determine whether facts

alleged in the underlying complaint fall within or potentially within coverage). Therefore, if a judicial admission remains binding on Feltes throughout the litigation (including all subsequent amended pleadings), then Feltes' admission must also be considered binding on Liberty Mutual because Liberty Mutual's duty to defend is specifically determined by allegations contained within the four corners of the underlying complaint.

We find this court's decision in State Security Insurance Co. v. Linton, 67 Ill. App. 3d 480 (1978), helpful since it also involved a judicial admission that affected whether an insurance carrier had a duty to defend. In Linton, the court held that the plaintiff's judicial admission that the court found binding on the defendant was also binding on the insurance carrier in determining the carrier's duty to defend. Linton, 67 Ill. App. 3d at 484-85 (finding that the defendant's judicial admission in the answer to the insurer's declaratory judgment complaint was determinative in showing that a policy exclusion applied and barred coverage under the policy).

Plaintiffs also contend that the circuit court improperly concluded that its review was confined to the original complaint and that the court should have considered evidence outside of the complaint in determining Liberty Mutual's duty to defend.

Plaintiffs rely on several cases including <u>Associated Indemnity Co. v. Insurance Co. of North America</u>, 68 Ill. App. 3d 807 (1979). The <u>Associated Indemnity Co.</u> court was careful in stating its narrow holding:

"We do not even reach the issue of when, if ever, an insurance carrier is obligated to conduct an independent investigation of the facts underlying a complaint filed against a putative insured. All we hold is that an insurance carrier may not ignore unpleaded facts within its knowledge, which it knows to be correct, and which, when taken together with the complaint's allegations, indicate that *the claim asserted* against the putative insured is potentially within the coverage of the insurance policy. (Emphasis in original.) *Of course, if the complaint contains allegations which if true would exclude coverage under the policy, the insurer has no obligation to defend*." <u>Associated Indemnity Co.</u>, 68 Ill. App. 3d at 817. (Emphasis added and omitted.)

Applying the reasoning in <u>Associated Indemnity Co</u>. to this case, plaintiffs' argument fails. First, Liberty Mutual was under no duty to conduct an independent investigation as to

whether Meyers had permission to drive the truck. Furthermore, Associated makes clear that if the complaint contains allegations, which if true, would bar coverage, then the carrier would have no duty to defend. Thus, the nonpermission allegation in the original complaint, which remained binding throughout the litigation, clearly would disqualify Meyers as a permissive driver and exclude coverage under the policy.

Plaintiffs also rely on American Economy Insurance Co. v. Holabird & Root, 382 Ill. App. 3d 1017 (2008), in support of their contention that the circuit court may consider evidence beyond the underlying complaint in determining an insurer's duty to defend. In Holabird, the issue on appeal was whether the trial court erred in considering outside evidence (a third party complaint) in determining a carrier's duty to defend. The plaintiff carrier, American Economy, had denied additional insured coverage to Holabird under a policy issued to its insured, Metrick (an electrical subcontractor), since the underlying complaint did not allege any negligence against Metrick as required for coverage to apply. In ruling against American Recovery, the trial court looked outside the complaint by taking into account a third-party complaint against Metrick that specifically alleged Metrick negligently performed the

8

installation that was at issue in the underlying case. The Holabird court held that because American Economy was aware of a true but unpleaded fact (that its insured Metrick allegedly performed the installation), it had a duty to defend Holabird.

However, the instant case is distinguishable from Holabird. First, the critical fact at issue (permission) was pled by Feltes (unlike Holabird, where the fact was not pled).  Moreover, there is nothing in the record, nor did plaintiffs present any evidence, to indicate that Feltes had granted Meyers permission to use the truck.  Thus, Liberty Mutual was never aware of "a true, but unpleaded fact" (that Meyers did actually have permission), as required by the Holabird holding.  In contrast, American Economy, in Holabird, did have actual knowledge of a true but unpleaded fact that would have been relevant to its duty-to-defend analysis by the filing of a third-party complaint, which made American Economy aware that its insured was alleged to have negligently performed the installation even though that was not alleged in the underlying complaint.  Thus, the Holabird decision does not apply here.

Plaintiffs also argue that, based on deposition testimony, Meyers had implied permission to drive the truck due to exigent circumstances and thus should qualify as an insured under the

9

Liberty Mutual auto policy. Implied permission generally may be inferred from a course of conduct or relationship between the parties in which there is mutual acquiescence or lack of objection under circumstances signifying permission. Country Mutual Insurance Co. v. Bowe, 13 Ill. App. 3d 386, 389 (1973). However, Feltes' judicial admission in the original complaint established that Meyers did not have permission and, furthermore, there was no mutual acquiescence or lack of objection, thus rendering the implied permission argument unviable. Further, the circuit court did not need to consider anything further than the affirmative nonpermission allegation in accordance with the eight corners rule. Therefore, the implied permission analysis is inapplicable here.

Finally, plaintiffs contend that Liberty Mutual owed a primary duty to defend and indemnify Meyers and Konstant against the Feltes' lawsuit merely because the truck involved in the accident was owned by Feltes' employer. Plaintiffs reason that since the Liberty Mutual auto policy provides primary coverage for any covered auto and because Illinois public policy mandates that primary liability should rest with the insurance carrier for the owner of the auto rather than on the insurance carrier for the driver, Liberty Mutual's policy should respond. However,

10

plaintiffs fail to recognize that although Liberty Mutual's policy is a primary policy, coverage is still limited to those entities that qualify as insureds under the policy, such as the named insured, its employees and permitted users. According to plaintiffs' logic, the driver of the vehicle would be irrelevant since the owner's policy would respond as primary in all instances. However, this logic is misplaced since, for example, if a vehicle is stolen and the driver subsequently causes injury or damage to a third party, it would not be fair to force the auto owner's insurance policy to respond in that instance. Moreover, it would be increasingly difficult for carriers to accurately underwrite risks and assess proper premiums when potentially all drivers, whether they have permission or not, would have to be covered. Accordingly, we reject plaintiffs' argument that Liberty Mutual's policy should respond as primary merely because the truck in the underlying accident was owned by Liberty Mutual's insured, Alter Scrap.

Accordingly, we affirm the circuit court's judgment granting Liberty Mutual's motion for summary judgment.

Affirmed.

CUNNINGHAM, P.J. and THEIS, J., concur.

11

1-09-0080

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

---

KONSTANT PRODUCTS, INC., ROGER W. MEYERS and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Individually and as Subrogee of Konstant Products, Inc. and Roger W. Meyers,

Plaintiffs-Appellants,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, RICKY FELTES and PATRICIA L. FELTES,

Defendants-Appellees.

---

No. 1-09-0080

Appellate Court of Illinois
First District, Second Division

May 4, 2010

---

JUSTICE KARNEZIS delivered the opinion of the court.

CUNNINGHAM, P.J. and THEIS, J., concur.

---

Appeal from the Circuit Court of Cook County.

The Honorable LeRoy K. Martin, Judge Presiding.

---

For APPELLANT, Cassiday Schade LLP, Chicago, IL (Jamie L. Hull and Deborah A. Martin-Sheridan, of counsel)

For APPELLEE, Judge, James & Kujawa, LLC, Park Ridge, IL (Jay S. Judge, Andrew

1-09-0080

G. Witik, of counsel)