2023 IL App (1st) 221425-U
Order filed: September 28, 2023

FIRST DISTRICT
FOURTH DIVISION

No. 1-22-1425

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) | Appeal from the Circuit Court of Cook County. |
|     Plaintiff-Appellee, | ) | |
| v. | ) ) | No. 21 CH 1363 |
| LUZ MELINA GUEVARA, SONIA LILY SOZA, and JORGE ZARKO, | ) ) ) | Honorable |
|     Defendants | ) ) | Allen Price Walker Judge, presiding. |
| (Luz Melina Guevara, | ) ) | |
|     Defendant-Appellant). | ) | |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Martin concur in the judgment.

**ORDER**

¶ 1    *Held*: Summary judgment in favor of insurer is reversed, and this matter is remanded for further proceedings, where genuine issues of material fact existed with respect to insurer's duty to defend underlying action.

¶ 2    Plaintiff-appellee, State Farm Fire & Casualty Company (State Farm), filed a complaint for declaratory judgment, contending it had no duty to defend or indemnify defendant-appellant, Luz Melina Guevara, or defendant, Jorge Zarko, under a homeowners insurance policy with respect to an underlying lawsuit filed against them. State Farm filed a motion for summary

judgment, arguing that it had no duty to defend or indemnify because Guevara did not reside at the insured premises, the business pursuits exclusion of the policy applied, and Zarko was not an insured. The circuit court granted summary judgment in favor of State Farm, and for the following reasons we reverse and remand for further proceedings.

¶ 3 On April 2, 2020, defendant, Sonia Lily Soza, filed an unverified two-count complaint against Guevara and Guevara's brother, Zarko (Soza complaint). Soza alleged that she was injured on April 30, 2018, when she fell at a residence located at 6820 West 26th Street, Berwyn, Illinois (the Berwyn property). Count I, directed against Guevara, alleged that Guevara resided at and owned, maintained, and controlled the Berwyn property. Count I further alleged that Guevara had actual or constructive notice of the defect on the stairs that caused Soza to fall and be injured. Count II, directed against Zarko, alleged that Soza was lawfully present at the Berwyn property as a guest of Zarko, who resided at and owned, maintained, and controlled the Berwyn property. Count II further alleged that Zarko had actual or constructive notice of the defect. The complaint sought to recover damages for the alleged negligence of Guevara and Zarko.

¶ 4 At the time of Soza's alleged injury, Guevara was the named insured in a homeowners policy issued by State Farm. Guevara tendered defense of the Soza complaint to State Farm, and State Farm accepted and defended subject to a reservation of rights.

¶ 5 Guevara thereafter filed an unverified answer and affirmative defenses to the Soza complaint. In her answer, Guevara denied the allegation that "At all relevant times, [Guevara] resided in Berwyn, Cook County, Illinois." Guevara admitted that she owned the Berwyn property on April 30, 2018, but denied that she "resided in, maintained and controlled the property" and referred to Zarko as her tenant "during the month of April, 2018." In response to an allegation that Soza was a lawful invitee at the Berwyn property when she fell, Guevara answered: "Defendant

\*\*\* is without sufficient information to admit or deny the allegation contained in Complaint Paragraph 6, demanding strict proof thereof. Further answering, Defendant \*\*\* was not in possession of nor residing in the Premises on April 30, 2018, and never met Plaintiff nor provided Plaintiff permission to be on the Premises on April 30, 2018." In her affirmative defenses, Guevara alleged that she leased the Berwyn property to Zarko during the months of April and May 2018 and that Soza was Zarko's guest. Zarko did not file an answer to the Soza complaint.

¶ 6    On March 3, 2021, State Farm filed a three-count declaratory judgment complaint seeking a declaration that it had no duty to defend or indemnify either Guevara or Zarko with respect to the Soza complaint. A copy of the policy was attached to State Farm's complaint.

¶ 7    The policy defined "You" and "your" mean the "named insured" shown in the Declarations, and "insured" as Guevara and "[if] residents of your household: (a) Your relatives." The policy defined the "insured location" as the "residence premises," and residence premises was defined as "the one, two, three or four-family dwelling, other structures, and grounds" or "that part of any other building; where you reside and which is shown in the Declarations." The Declarations of the policy listed the Berwyn property. The policy included certain liability coverage, including "Coverage L – Personal Liability" which provided:

"If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** \*\*\* to which this coverage applies, caused by an occurrence, we will:

1. Pay up to our limit of liability for which the **insured** is legally liable; and

2. Provide a defense at our expense by counsel of our choice. We may make an investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect

settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability." (Emphasis in original.)

The policy defines an occurrence as "an accident, including exposure to conditions which first result in: a. **bodily injury**; or b. **property damage**; during the policy period." (Emphasis in original.)

¶ 8    In addition, the policy excluded coverage for bodily injury or property damage "arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured." This exclusion did not apply to "the rental or holding for rental of a residence of yours *** on an occasional basis for the exclusive use as a residence." The policy also excluded coverage for bodily injury or property damage "arising out of any premises currently owned or rented to any **insured** which is not an **insured location**." (Emphasis in original.)

¶ 9    The declaratory judgment complaint alleged that, based on admissions by Guevara in her answer to the Soza complaint, which State Farm attached as an exhibit, Zarko was not an "insured" (count 1), the business pursuits exclusion of the policy applied to preclude coverage (count II), and the Berwyn residence was not an "insured location" (count III).

¶ 10    Guevara filed an answer and affirmative defenses to the declaratory judgment complaint. Therein, Guevara admitted that she "resided at the Berwyn property until January 2018 at which time she moved to Aurora, Illinois" and that she did not "live in the property in April 2018." In response to State Farm's allegation that "Guevara leased the Berwyn property to Zarko, her brother at all times relevant, including April 2018," Guevara answered that she "admits leasing the property to her brother on an occasional basis after she moved out of the residence in January 2018 and denies the rest of the allegations in this paragraph." Guevara admitted that "Zarko was not a member of Guevara's household at any time relevant herein, including April 2018."

¶ 11     Guevara alleged affirmative defenses of estoppel and unjust enrichment, which State Farm moved to dismiss as legally insufficient. The circuit court granted the motion to dismiss with leave to replead. No amended affirmative defenses were filed.

¶ 12     Soza filed her answer to the declaratory judgment complaint, denying that Guevara resided at the Berwyn property. Soza denied that Guevara leased the Berwyn property to Zarko and denied that he was not a member of Guevara's household. Zarko did not file an answer to the declaratory judgment complaint and an order of default was entered against him on October 7, 2021.

¶ 13     State Farm moved for summary judgment, arguing that the Berwyn residence was not an "insured location" given that Guevara judicially admitted that she did not reside at the Berwyn residence in both her answers to the State Farm declaratory complaint and the Soza complaint. State Farm further argued that, even if the Berwyn property was an "insured location," the business pursuits exclusion applied in that Guevara judicially admitted that she moved out of the Berwyn property in January 2018 and leased it to Zarko. State Farm lastly argued that Zarko was not an "insured" because he was not a member of Guevara's household once she moved out of the Berwyn property in January 2018.

¶ 14     Soza filed a motion, supported by an affidavit executed by her counsel, to pursue discovery under Illinois Supreme Court Rule 191(b) (eff. Jan 4, 2013), arguing that discovery was necessary to respond to State Farm's motion for summary judgment. The circuit court stayed briefing on State Farm's motion for summary judgment, entered a briefing schedule, and set a hearing date on the Rule 191(b) motion. State Farm objected to the Rule 191(b) motion. At the Rule 191(b) motion hearing, Soza advised the court that she was withdrawing her motion and that her counsel conducted discovery in the underlying case. The circuit court set a briefing schedule and a hearing date on the motion for summary judgment.

¶ 15    Guevara filed a response to State Farm's motion for summary judgment arguing that the policy was ambiguous in that the terms "reside" and "residents of your household" were not defined, creating a material issue of fact as to whether she still resided at the Berwyn property and whether Zarko was a member of her household on April 30, 2018. Guevara further argued that the business pursuits exclusion did not apply, as she only "occasionally" rented the Berwyn property.

¶ 16    Guevara supported her response with excerpts of deposition testimony taken in the underlying case. In her deposition, Guevara testified that she purchased the Berwyn property in December 2008 and lived there with her daughter, son, and husband. Zarko began living with them at the Berwyn property in December 2017. In January 2018, Guevara and her daughter, son, and husband temporarily rented a home in Aurora, Illinois, trying to find a good school district. Guevara's name remained on the deed of the Berwyn property and the utilities were in her name. Guevara also had a key to the residence where she received some mail, kept personal items, and spent some time.

¶ 17    Soza filed a response, also relying on the deposition testimony from the underlying case asserting that although Guevara temporarily moved to Aurora, she still maintained the Berwyn property as her residence in April 2018. Soza advanced similar arguments to Guevara's regarding application of the business pursuits exclusion and Zarko's status as an insured.

¶ 18    State Farm filed a reply contending that Soza and Guevara could not avoid the legal effect of the judicial admissions made by Guevara. State Farm further argued that the attempts to use the deposition testimony were problematic in that Guevara potentially violated the Illinois School Code to the extent that Guevara used her Aurora address as her residence for purposes of accessing tuition-free education in the Aurora school district. See 105 ILCS 5/10-20.12b (West 2020).

¶ 19    After a hearing, the circuit court entered a written order in which it concluded that State Farm had no duty to defend or indemnify under the policy and granted State Farm's motion for summary judgment. In its written order, the court found that Guevara's admissions and statements in her answers constituted judicial admissions that she did not reside at the Berwyn property and therefore the Berwyn property was not an insured location. The circuit court further found that even if the Berwyn property was an insured location, the business pursuits exception applied as Guevara admitted that she leased the property to Zarko in January 2018, which was not "occasional" as the deposition testimony indicated that he stayed at the Berwyn property full time and uninterrupted for eight months until he moved out in August 2018. Further, the circuit court found that Zarko was not an "insured," as Guevara admitted that she moved from the property, Zarko did not live with her in Aurora, and Zarko was not a member of her household, and therefore Zarko could not be a member of her "household." Guevara appeals.

¶ 20    The construction of an insurance policy and the determination of rights and obligations thereunder are questions of law and therefore the issues are appropriately addressed by summary judgment. *Crum & Forster Managers Corp. v. Resolution Trust Corp.* 156 Ill. 2d 384, 391 (1993). Summary judgment is appropriate where the pleadings, depositions, and admissions on file, together with any affidavits and exhibits, when viewed in the light most favorable to the nonmoving party, indicate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2022). We review a circuit court's decision to grant summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 21    "When construing the language of an insurance policy, a court's primary objective is to ascertain and give effect to the intentions of the parties as expressed by the words of the policy."

*Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 153 (2004). If the policy's words are clear and unambiguous, they will be given their plain and ordinary meaning, but if the policy terms "are reasonably susceptible to more than one meaning, they are ambiguous and will be strictly construed against the drafter." *Id*. "Courts will construe the policy as a whole and consider the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract." *Illinois State Bar Ass'n Mutual Insurance Co.*, 2018 IL App (4th) 170548, ¶ 40. We review *de novo* a trial court's construction of an insurance policy. *Id*.

¶ 22    The issue raised by the motion for summary judgment was whether State Farm had a duty to defend or indemnify Guevara and Zarko in the underlying case. "[T]he duty to defend is broader than the duty to indemnify [and] where there is no duty to defend, there will be no duty to indemnify." *Crum & Forster*, 156 Ill. 2d at 398. An insurer's duty to defend arises if the facts of the underlying complaint fall within or potentially fall within the policy's coverage. *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 455 (2010). Courts first look to the allegations in the underlying complaint and compare those allegations to the relevant provisions of the insurance policy. *Core Construction Services of Illinois, Inc., v. Zurich American Insurance Co.*, 2019 IL App (4th) 180411, ¶ 25. A court may consider other pleadings, evidence, and judicial admissions to determine whether a duty to defend arises. *Id.*¶ 26; *Konstant Products, Inc. v. Liberty Mutual Fire Insurance Co.*, 401 Ill. App. 3d 83, 124-25 (citing *State Security Insurance Co. v. Linton*, 67 Ill. App. 3d 480 (1978)). However, a court may only do so as long as the court does not determine a critical issue in the underlying action. *Farmers Insurance Exchange*, 2022 IL App (4th) 210023, ¶ 14.

¶ 23    The parties first disagree as to whether there is a genuine issue of material fact that, under the language of the policy, State Farm had no duty to defend because the Berwyn property was not an "insured location" because she did not "reside" there.

¶ 24    The policy defined "You" and "your" mean the "named insured" shown in the Declarations, which in this case was Guevara. The policy defined the "insured location" as the "residence premises," which was defined as "a. the one, two, three or four-family dwelling, other structures, and grounds; or b. that part of any other building; where you reside and which is shown in the Declarations." Thus, coverage in this case is predicated on two separate requirements: (1) the named insured must reside at the insured premises; and (2) the premises must be listed in the declarations. The policy's declarations listed Guevara as the named insured and the Berwyn property as the insured location, therefore the question is whether Guevara *resided* at the Berwyn residence on April 30, 2018.

¶ 25    Guevara's policy does not define "reside," so it must be given its plain, ordinary, and popular meaning; *i.e.*, [it] will be construed with reference to the average, ordinary, normal, reasonable person." *Sproull v. State Farm Fire and Casualty Company*, 2021 IL 126446, ¶ 19 (citing *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 115 (1992)). This court, using the dictionary, has defined "reside" as " 'to dwell permanently or for a considerable time.' " See *Farmers Insurance Exchange v. Cheekati*, 2022 IL App (4th) 210023, ¶ 20 (quoting Dictionary.com, https://www.dictionary.com/browse/reside (last visited Feb. 2, 2022). Illinois courts interpreting the term "reside," as used in homeowners' policies, have also found that the term consists of two components: some sort of physical presence and an intent to remain or return. *Lundquist v. Allstate Ins. Co*, 314 Ill. App. 3d 240, 248 (2000); *FBS Mortgage Corp. v. State Farm Fire & Casualty Co.*, 833 F. Supp. 688, 694 (N.D. Ill. 1993). In considering these components,

Illinois courts have found that term "reside" as used in homeowners polices is ambiguous as it is subject to more than one reasonable interpretation. *Id*. "Where competing reasonable interpretations of a policy exist, a court is not permitted to choose which interpretation it will follow. [Citation.] Rather, in such circumstances, the court must construe the policy in favor of the insured and against the insurer that drafted the policy." *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 141 (1999).

¶ 26    State Farm argues that Guevara, in her answers and affirmative defenses, judicially admitted that she did not reside at the Berwyn property. Guevara argues that her statements were not judicial admissions, as her statements were not clear and not unequivocal statements of fact. We agree with Guevara.

¶ 27    A judicial admission is a deliberate, clear, unequivocal statement by a party concerning a concrete fact within that party's knowledge. *1550 MP Road LLC v. Teamsters Local Union No. 700*, 2019 IL 123046, ¶ 37. "Judicial admissions are formal admissions in the pleadings that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Konstant Products v. Liberty Mutual Fire Insurance Co.*, 401 Ill. App. 3d 83, 86 (2010). Judicial admissions include admissions in unverified pleadings signed by an attorney. *Bank of New York Mellon v. Wojcik*, 2019 IL App (1st) 180845, ¶ 23. Judicial admissions are conclusively binding on a party and may not be contradicted in a motion for summary judgment. *1550 MP Road*, 2019 IL 123046, ¶ 37. However, a party is not bound by admissions regarding conclusions of law because courts determine the legal effect of the facts adduced. *Sperl v. Henry*, 2018 IL 123132, ¶ 36.

¶ 28    It is true that Guevara, in response to the Soza complaint, denied the allegation, that "[a]t all relevant times, [Guevara], resided in Berwyn, Cook County, Illinois." In Guevara's affirmative

defenses to the Soza complaint, she also alleged that she did not "live" at the Berwyn property and that she leased the property to Zarko. In response to the declaratory judgment complaint, Guevara admitted that she moved out of the Berwyn property in January 2018 and that she did not "live" at the Berwyn property in April 2018. Guevara further admitted that "[She] resided at the Berwyn property until January 2018 at which time she moved to Aurora, Illinois."

¶ 29     In looking at Guevara's responses as a whole, it is at least arguable that Guevara judicially admitted that she did not live at the Berwyn property in April 2018. However, her responses were not clear and unequivocal statements that she did not "reside" at the Berwyn property, that she had no physical presence there, or that she had no intent to return to the property. Guevara's responses were silent as to whether she continued to have a physical presence or intended to return to the property, other than her admission that she still owned the property which, if anything, evidences a possible intent to return to the property. Therefore, we find that Guevara's answers and affirmative defenses to the complaints were not clear and not unequivocal judicial admissions that she did not "reside" at the Berwyn property under the ambiguous language of the policy.

¶ 30     Even if we were to also consider Guevara's deposition testimony in the underlying case, we would still find that her answers were not so clear and unequivocal as to constitute judicial admissions as to her residence. According to Guevara's testimony, while she and her family moved into a rental home in Aurora, it was only a temporary move made in an effort to find a good school district. During this time, Guevara's name remained on the deed and she still had a key to the Berwyn property. She paid the utilities there, which were in her name. Guevara also kept personal property, received mail, and spent some time at the Berwyn property. Even considering this testimony, there is still a genuine issue of material fact as to whether Guevara continued to have a

sufficient physical presence at the Berwyn property and whether she intended to return such that the Berwyn property could qualify as Guevara's residence under the policy.

¶ 31    Therefore, we find that although it could be argued that Guevara admitted that she did not live at the Berwyn property in April 2018, her admissions did not clearly and unequivocally show that she had no physical presence at the Berwyn property and had no intent to return. Summary judgment in favor of State Farm on the basis that the Berwyn property was not an "insured location" was therefore improper.

¶ 32    The next question is whether the business pursuits exclusion applied to preclude coverage for Guevara.

¶ 33    An insurer " 'may properly challenge the existence of such a duty by offering evidence to prove that the insured's actions fell within the limitations of one of the policy's exclusions.' ' " *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d at 461 (quoting *Fidelity & Casualty Co. of New York v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301, 304 (1983)). "If an insurer relies on an exclusionary clause to deny coverage" and refuses its duty to defend its insured, then "it must be clear and free from doubt that the exclusionary clause applies." *Illinois State Bar Ass'n Mutual Insurance Co.*, 2018 IL App (4th) 170548, ¶ 37. When an insurer invokes an exclusionary clause to deny coverage and its duty to defend, it bears the burden of proving the exclusion applies. *Id.* Insureds have the burden of proving that an exception to a policy exclusion applies. *Wells v. State Farm Fire & Casualty Insurance Co.*, 2021 IL App (5th) 190460, ¶ 29.

¶ 34    Here, the policy excluded coverage for "bodily injury or property damage arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured". This exclusion did not apply to "the rental or holding for rental of a residence of yours" which is used "on an occasional basis for the exclusive use as a residence."

¶ 35 Although, the policy does not define "occasional basis," this court has defined "occasional" as " 'occurring or appearing at irregular or infrequent intervals.' " *State Farm v Wonnell*, 178 Ill. App. 3d 823, 825 (1989) (citing Webster's New Collegiate Dictionary, 787 (1981)). In *Wonnell*, the court found that a seven-month lease of the insured property was not "irregular" or "infrequent" where the property had been put up for sale and there was no evidence of an intention to return. *Wonnell*, 178 Ill. App. 3d at 825. As the court explained. The "purpose behind the 'occasional' rental exception was to allow the insured to rent his or her residence while living elsewhere temporarily, but with the intention to return there to live." *Id*. at 826.

¶ 36 Here, Guevara admitted in her answers that Zarko began living with her family in December 2017. She further referred to Zarko as her tenant and admitted that she leased the Berwyn property to Zarko in January 2018. In her affirmative defenses, Guevara alleged that she also leased the Berwyn property to Zarko in April and May 2018. This case is therefore distinguishable from *Wonnell*, where Guevara only admitted in the pleadings that she leased the Berwyn property for four months as opposed to the seven-month lease in *Wonnell*. While the circuit court noted that deposition testimony indicated Zarko lived at the Berwyn property until August 2018, the injury to Soza allegedly occurred in April 2018 and in insurance law the time of the occurrence is used to determine when the operative terms of the policy provide coverage. *St. Paul Fire & Marine Ins. Co. v. City of Waukegan*, 2017 IL App (2d) 160381, ¶ 48.

¶ 37 Further, unlike in *Wonnell*, and as discussed above, here there is also evidence that Guevara's move to Aurora was temporary and of Guevara's possible intent to return to the Berwyn property. Thus, there is a genuine issue of material fact as to whether Guevara leased the Berwyn property on an "occasional basis" such that the business pursuits exclusion applied. Therefore, granting summary judgment in favor of State Farm on this basis was improper.

¶ 38    Lastly, we consider whether there is a material issue of fact as to whether Zarko is an "insured" under the policy, such that State Farm owed him no duty to defend him. While Zarko has not filed an appeal with respect to this issue, Guevara has done so. As the named insured and as a codefendant in the underlying action Guevara would appear to have an interest in the determination of Zarko's coverage under the policy and an interest in insuring indemnification for the underlying lawsuit. In any case, State Farm has not raised an issue as to Guevara's standing to raise this issue on appeal, and has therefore forfeited any issue as to her standing. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."); *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988) (The lack of standing is an affirmative defense and is forfeited unless timely raised.)

¶ 39    The policy defined "insured" as Guevara and "[if] residents of your household: (a) Your relatives." Courts have generally concluded that, in relation to insurance policies, the term "household" is ambiguous with no fixed meaning. *State Farm Fire & Cas. Co. v. Martinez*, 384 Ill. App. 3d 494, 499 (2008) Additionally, the "phrase 'resident of the household' has no fixed meaning. [Citation.] Interpretation of the phrase requires a case-specific analysis of intent, physical presence, and permanency of abode. [Citation.]. The controlling factor, however, is the intent of the party whose residency is in question as evinced by that party's actions. [Citation.]" *Id.* at 499-500.

¶ 40    Applying these factors here, there is a genuine issue of material fact as to whether Zarko was a resident of Guevara's household in April 2018. While it is true that Guevara admitted that Zarko was not a "member" of her household, that is not the relevant question where the policy refers to "residents of your household." Thus, this was not a judicial admission with respect to the

relevant language of the policy. Furthermore, there is no dispute that Zarko is Guevara's brother, and as such is a relative. Furthermore, there is no dispute that Zarko lived at the Berwyn property with Guevara and the rest of her family in December 2017 until Guevara moved to Aurora in January 2018. In the light most favorable to Zarko, this is evidence that he was a member of Guevara's household at that time. Moreover, as discussed above, there are genuine issues of material fact with respect to Guevara's intent, physical presence, and permanency of abode in April 2018. In fact, the genuine issues of material fact with respect to Guevara's own residence are linked to the question of whether Zarko was a resident of her household.

¶ 41    Thus, we find that there is a genuine issue of material fact as to whether Zarko was an "insured" and the circuit court erred in granting summary judgment in State Farm's favor on that basis.

¶ 42    We make two final observation. First, State Farm contends that Guevara's testimony that she moved to Aurora to try out the school district illustrated an intent to permanently live there and to the extent she did not so intend she violated the Illinois School Code. However, "the meaning [of resident] varies with the content and the subject matter of the case." *Webb v. Morgan*, 176 Ill. App. 3d 378, 386 (1988). We find that the School Code's residency requirements are simply irrelevant to the questions at issue here, and do not further consider this argument.

¶ 43    Second, and while neither party has raised the issue, under the rule in *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187, 196 (1976), it is " 'generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact that could bind the parties to the underlying litigation.' " (Internal quotation marks omitted.) *Sentry Insurance v. Continental Casualty Co.*, 2017 IL App (1st) 161785, ¶ 43 (quoting *Landmark American Insurance Co. v. NIP Group, Inc.*, 2011 IL App (1st) 101155, ¶ 59). "This proscription specifically precludes

determination of any ultimate facts upon which liability or recovery might be predicated in the underlying case." *NIP Group*, 2011 IL App (1st) 101155, ¶ 59. Considering our discussion above, we question whether the determination of State Farm's duty to defend in this matter raises issues of ultimate fact that should first be resolved in the underlying litigation. While we make no such potentially improper findings here in concluding that certain genuine issues of material fact exist and in reversing the circuit court's ruling on the State Farm's motion for summary judgment, we suggest that the parties and the circuit court consider this issue on remand.

¶ 44    For the foregoing reasons, we reverse the judgment of the circuit court and remand for further proceedings.

¶ 45    Reversed and remanded.