Docket No. 108673.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

STATE BUILDING VENTURE, Appellee, v. MAUREEN O'DONNELL, as Acting Director of the Illinois Department of Central Management Services, Appellant.

*Opinion filed November 18, 2010.*

CHIEF JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Garman, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

State Building Venture (SBV) entered into a lease with the Illinois Department of Central Management Services (CMS) for space in the James R. Thompson Building (Thompson Center) in Chicago. The lease provided for an initial 15-year term, subject to nine 5-year renewals. The issue in this appeal is whether SBV's claim for declaratory judgment is barred by collateral estoppel, by sovereign immunity or, whether the enabling statute requires the Director to determine whether the lease is in the best interests of the state at the time of each renewal.

This is the second case filed by SBV seeking a declaration of its rights under the lease. The circuit court of Cook County denied CMS's motion to dismiss count III of the complaint and entered judgment for SBV on the pleadings. The appellate court affirmed. 391 Ill. App. 3d 554. This court granted CMS's petition for leave to appeal. 210 Ill. 2d R. 315. We reverse and remand with instructions.

## I. BACKGROUND

The enabling statute for leasing commercial space in the Thompson Center provides, in relevant part:

> "Portions or all of the commercial space, which includes the sub-basement, storage mezzanine, concourse, and ground and second floors of the James R. Thompson Center *** may be leased *** for terms not to exceed 15 years subject to renewals when in the judgment of the Director those leases or subleases will be in the best interests of the State." 20 ILCS 405/405–315(a)(s) (West 2006).

In 1983, the parties entered into a lease for space in the Thompson Center. The lease provides, in pertinent part:

> "The initial term of this lease shall be 15 years.
>
> * * *
>
> Tenant shall have the option to renew this lease beyond the initial term, on all of the same terms and conditions as are contained in this lease for one renewal period of five years ***, and Tenant shall have the further option to renew this lease beyond such renewal period, on all the same terms and conditions as are contained in this lease, for eight additional renewal periods of five years each."

In 2006, SBV filed suit against CMS. That lawsuit sought a declaratory judgment concerning SBV's rights under the lease. CMS moved to dismiss SBV's complaint as barred by sovereign immunity and because the case was moot. The circuit court dismissed the complaint with prejudice, explaining:

> "The complaint that we have presented here seeks declaratory judgment asking the Court to determine the rights and obligations under the lease agreement. I find that there is not

an actual controversy for the Court to decide *** the underlying facts and issues for the declaratory judgment was terminated without penalty to the parties rendering the issue moot. *** There is no current need for the resolution of a controversy. Therefore, the ultimate declaratory judgment by [SBV] will be an advisory opinion. Contrary to the allegation that [SBV] has unfettered discretion to terminate the lease, there is language that addresses that in the lease and the enabling legislation. For that issue, if it arises later, I would suggest to the parties that the proper avenue will be the Court of Claims pursuant to 705 ILCS 505/8 of the Court of Claims jurisdiction. So I'm going to grant the [section 2–619] motion to dismiss."

SBV did not appeal the circuit court's dismissal of its complaint.

In 2007, SBV filed the lawsuit that is the subject of this appeal. Two of the counts alleged promissory estoppel and equitable estoppel, and those counts are not at issue here. Only count III of the complaint is at issue. Count III sought a declaratory judgment, alleging:

"58. Based on CMS's new interpretation of the Enabling Statute, CMS claims that it was not authorized to enter into the Lease with SBV that allows for nine automatic renewal periods.

59. CMS's new interpretation of the enabling Statute is pretextual and does violence to the plain meaning of the statute, to the terms of the Lease, and to the long-settled interpretation of the parties to the Lease that recognized that the Tenant has the sole, unfettered right to determine whether to terminate the Lease at the end of each such renewal period (other than at the end of the seventh and eighth extensions).

60. *** SBV has been and continues to be damaged by CMS's new interpretation of the Enabling Statute.

WHEREFORE, SBV asks that the Court enter a declaratory judgment finding that the Enabling Statute authorized the State to enter into the Lease with SBV, that the Lease is binding according to its terms, including options to renew for successive terms to 2044, and that the Court award

SBV its costs, expenses and attorneys fees, and provide such other and further relief as justice requires."

CMS filed a motion to dismiss the complaint pursuant to sections 2–619(a)(1) and (a)(4) of the Code of Civil Procedure (Code) (735 ILCS 5/2–619(a)(1), (a)(4) (West 2006)). CMS argued that SBV's complaint was barred by sovereign immunity, was unripe, and was precluded by dismissal of the first lawsuit. The circuit court found that the first suit was dismissed solely because it was moot and that the judge's suggestion that the matter belonged in the Court of Claims did not preclude SBV from bringing suit again in the circuit court. The court granted CMS's motion in part, dismissing the promissory estoppel and equitable estoppel counts, but denying the motion on count III, the declaratory judgment action.

Subsequently, the parties filed cross-motions for judgment on the pleadings pursuant to section 2–615 of the Code (735 ILCS 5/2–615 (West 2006)). The circuit court granted SBV's motion and denied CMS's motion. The court interpreted the statute as providing that the five-year renewals occurred automatically at SBV's sole discretion.

CMS appealed, and the appellate court affirmed. The appellate court held that the "officer suit exception" to sovereign immunity applied because the complaint "sought an interpretation of [section 405–315(a)] that authorized CMS to enter into the lease and sought to enjoin the Director from acting in derogation of her authority in the future contrary to the provision in the statute." 391 Ill. App. 3d at 558. The appellate court also held that the suit was ripe and not precluded by dismissal of SBV's first suit because the issues were not identical, the first case was dismissed as moot, and the merits of the issue of interpretation of the enabling statute was not reached. 391 Ill. App. 3d at 560-61. Justice Hoffman dissented on the ground that the complaint "is an action against the State for declaratory relief founded upon a contract and is, therefore, barred by the doctrine of sovereign immunity." 391 Ill. App. 3d at 564 (Hoffman, J., dissenting). Justice Hoffman concluded the case should have been dismissed for lack of jurisdiction. 391 Ill. App. 3d at 564 (Hoffman, J., dissenting).

## II. ANALYSIS

In this appeal, CMS contends that SBV's claim for declaratory judgment, contained in count III of SBV's complaint, should have been dismissed because it was barred by sovereign immunity and collateral estoppel. CMS argues, in the alternative, that the enabling statute requires the Director to determine whether the lease is in the best interests of the state at the time of each renewal.

This appeal comes before the court on the circuit court's grant of judgment on the pleadings in favor of plaintiff, pursuant to section 2–615 of the Code (735 ILCS 5/2–615 (West 2006)). The grant of a judgment on the pleadings is reviewed *de novo*. *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 455 (2010). "A motion for judgment on the pleadings is, like a motion for summary judgment, limited to the pleadings." *Pekin*, 237 Ill. 2d at 455. A trial court properly grants a judgment on the pleadings when the pleadings disclose no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Pekin*, 237 Ill. 2d at 455. " 'For purposes of resolving the motion, the court must consider as admitted all well-pleaded facts set forth in the pleadings of the nonmoving party, and the fair inferences drawn therefrom.' " *Pekin*, 237 Ill. 2d at 502, quoting *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 138 (1999). We now consider whether the circuit court erred in granting a judgment on the pleadings in favor of plaintiff.

### A. Collateral Estoppel

We first address CMS's argument that SBV's complaint is barred by collateral estoppel and that SBV cannot now overcome its prior failure to appeal the dismissal of its first lawsuit by filing the instant complaint. CMS claims that the circuit court in the first lawsuit held that it lacked subject matter jurisdiction and that the issue is identical to the jurisdictional issue presented in this suit. SBV counters that the circuit court's dismissal was based on mootness, not subject matter jurisdiction, and that the issue of sovereign immunity was not decided on the merits in the first case.

The applicability of the doctrine of collateral estoppel is a question of law that we review *de novo*. *In re A.W.*, 231 Ill. 2d 92, 99 (2008). The doctrine of collateral estoppel prevents the relitigation of issues

resolved in earlier causes of action. *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 77 (2001). There are three requirements for application of collateral estoppel:

> "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Gumma v. White*, 216 Ill. 2d 23, 38 (2005).

Moreover, "[f]or purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted." *Ballweg v. City of Springfield*, 114 Ill. 2d 107, 113 (1986).

We have reviewed the transcript of the circuit court's dismissal of the first suit, and we conclude that the circuit court dismissed SBV's claim as moot. The circuit court specifically found

> "that there is not an actual controversy for the Court to decide *** the underlying facts and issues for the declaratory judgment was terminated without penalty to the parties rendering the issue moot."

Here, the first lawsuit was moot because there was no controversy and the trial court could not, therefore, have properly ruled on the merits of the claim. Therefore, the issue decided in the first case (mootness) is not identical with the one presented in this case (whether sovereign immunity bars plaintiff's claim). In addition, the circuit court merely "suggest[ed]" in the first case that if the controversy arose again, the issue should be brought in the Court of Claims. However, the circuit court did not make a determinative decision on the merits of SBV's claim. Accordingly, there was no final judgment on the merits concerning SBV's claim in the first lawsuit. We agree with the circuit court and appellate court that SBV's present claim is not barred by collateral estoppel.


### B. Sovereign Immunity

We now address the merits of CMS's argument that SBV's claim for declaratory judgment is barred by sovereign immunity. The doctrine of sovereign immunity " 'protects the State from interference

in its performance of the functions of government and preserves its control over State coffers.' " *Senn Park Nursing Center v. Miller*, 104 Ill. 2d 169, 188 (1984), quoting *S.J. Groves & Sons Co. v. State*, 93 Ill. 2d 397, 401 (1982).

The Illinois Constitution of 1970 abolished the doctrine of sovereign immunity "[e]xcept as the General Assembly may provide by law." Ill. Const. 1970, art. XIII, §4. The General Assembly subsequently reestablished sovereign immunity in the State Lawsuit Immunity Act (745 ILCS 5/0.01 *et seq.* (West 2006)). Our determination of whether sovereign immunity bars SBV's claim requires interpretation of the State Lawsuit Immunity Act and the Court of Claims Act. The construction of a statute is a question of law that we review *de novo*. *Murray v. Chicago Youth Center*, 224 Ill. 2d 213, 228 (2007).

In construing a statute, " '[o]ur primary objective is to ascertain and give effect to legislative intent.' " *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009), quoting *People v. Perry*, 224 Ill. 2d 312, 323 (2007). " '[T]he surest and most reliable indicator of [legislative intent] is the statutory language itself, given its plain and ordinary meaning.' " *Koster*, 235 Ill. 2d at 29, quoting *Perry*, 224 Ill. 2d at 323. "In determining the plain meaning of statutory terms, we consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it." *Koster*, 235 Ill. 2d at 29. "When the statutory language is clear and unambiguous, we must apply it as written, without resort to extrinsic aids of statutory construction." *Koster*, 235 Ill. 2d at 29. If, however, the language of a statute is ambiguous, we must construe the statute to avoid rendering any part meaningless or superfluous. *People v. Jones*, 214 Ill. 2d 187, 193 (2005). "We do not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent." *Koster*, 235 Ill. 2d at 29. We now examine the plain language of the State Lawsuit Immunity Act and the Court of Claims Act.

Section 1 of the State Lawsuit Immunity Act provides "[e]xcept as provided in [an act to create] the Court of Claims *** the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1 (West 2006). Section 8(b) of the Court of Claims Act provides that the Court of Claims shall have exclusive jurisdiction over "[a]ll

claims against the State founded upon any contract entered into with the State of Illinois." 705 ILCS 505/8(b) (West 2006).

Here, the State Lawsuit Immunity Act clearly and unambiguously provides that the "State of Illinois shall not be made a defendant or party in any court," except as provided in the Court of Claims Act. The Court of Claims Act, in turn, clearly and unambiguously provides that the Court of Claims has exclusive jurisdiction over "[a]ll claims against the State founded upon any contract entered into with the State of Illinois." Based on the clear directives of these statutes, there is no dispute that claims against the state founded on a contract must be filed in the Court of Claims. We now consider application of these statutes to the case at hand.

The first step in our analysis is to determine whether the claim brought against the Director of CMS constitutes an action "against the State founded upon [a] contract entered into with the State" within the meaning of section 8(b) of the Act. The determination of whether an action is founded on a contract and brought against the state "depends upon the issues involved and the relief sought." *Sass v. Kramer*, 72 Ill. 2d 485, 490-91 (1978).

Here, the basis of SBV's complaint is the commercial lease entered into between the State of Illinois and SBV. The parties do not dispute that SBV's claim is "founded upon [a] contract entered into with the State of Illinois" and that the subject matter of the contract is the lease between the parties. We agree with the parties that SBV's claim is based on its contract with CMS. Therefore, the requirement that the claim be "founded upon any contract entered into with the State of Illinois" has been met for purposes of section 8(b) of the Court of Claims Act (705 ILCS 505/8(b) (West 2006)).

Next, we examine whether SBV's claim is brought against the state and, therefore, subject to sovereign immunity, requiring the claim to be brought in the Court of Claims pursuant to section 8(b) of the Court of Claims Act (705 ILCS 505/8(b) (West 2006)). The parties dispute whether SBV's claim is brought against the state or against the Director, as an officer of CMS.

CMS contends that SBV's declaratory judgment action seeks to resolve its renewal rights under the lease it entered into with the state and, therefore, the action is one against the state. According to CMS,

the fact that SBV sued the Director of CMS, in the Director's official capacity, further establishes that SBV seeks relief from the state.

SBV contends that the "officer suit exemption" applies because the claim is not a present claim that could subject the state to liability. According to SBV, the "officer suit exemption" to sovereign immunity applies when a plaintiff's claim is based on allegations that a state agency or official is acting under an assumption of authority that the agency or official lacks. Thus, SBV argues that the lawsuit is not against the state.

SBV cites *Bio-Medical Laboratories, Inc. v. Trainor*, 68 Ill. 2d 540 (1977), in support of its argument that its claim is not barred by sovereign immunity. CMS argues that *Bio-Medical Laboratories* is distinguishable. In *Bio-Medical Laboratories*, suit was brought by a corporation seeking an injunction to stop the Director of Public Aid from suspending it from participating in the Illinois medical assistance program. The Director had not actually taken action to suspend the corporation's participation in the program at the time the lawsuit was filed, but the Director did indicate an intention to do so. This court held that sovereign immunity did not bar the action because the corporation was not "attempting to enforce a present claim against the State but, rather, seeks to enjoin the defendant from taking actions in excess of his delegated authority and in violation of plaintiff's protectable legal interests." *Bio-Medical Laboratories*, 68 Ill. 2d at 548.

We agree with CMS that *Bio-Medical Laboratories* is distinguishable. The corporation in *Bio-Medical Laboratories* sought an injunction to enjoin the Director of Public Aid from taking an action that it alleged the Director lacked the authority to do. Here, in contrast, SBV seeks a declaratory judgment action to determine its rights under the lease. Thus, SBV's claim is not a prospective claim concerning the scope of the Director of CMS's authority.

In *Landfill, Inc. v. Pollution Control Board*, 74 Ill. 2d 541, 552 (1978), cited by SBV, this court held that the plaintiff's claim that the Pollution Control Board did not have statutory authority to create a certain rule was not an action against the state. This court reasoned that the plaintiff was seeking "a declaration that the Board is taking actions in excess of its delegated authority." *Landfill*, 74 Ill. 2d at 552. We find *Landfill* distinguishable because, here, SBV's claim does

not allege the Director has taken any action in excess of its delegated authority under the enabling statute.

SBV also attempts to distinguish *PHL, Inc. v. Pullman Bank & Trust Co.*, 216 Ill. 2d 250 (2005), relied on by CMS in support of its argument that sovereign immunity bars SBV's claim. In *PHL*, the plaintiffs brought a breach of contract claim seeking an order to compel the defendant's treasurer to close on buy-sell agreements, acting in excess of the treasurer's lawful authority. This court held that PHL's claim was barred by sovereign immunity because there was an insufficient link between the general grant of authority and the specific contract at issue. *PHL*, 216 Ill. 2d at 263-64. This court reasoned that the treasurer had relied on the advice of the Attorney General and that nothing in the grant of the treasurer's lawful constitutional authority forbade her from receiving or following the Attorney General's advice on a legal matter relating to interpretation of the agreements. *PHL*, 216 Ill. 2d at 263-64. SBV argues that it is not seeking an order to compel the Director of CMS to renew the lease or to enjoin the Director from breaching the lease. Rather, SBV is only seeking a declaration of the scope of the Director's authority under the enabling statute. Contrary to SBV's argument, however, we note that SBV's complaint alleges that "SBV has been and continues to be damaged" by CMS's interpretation of the lease. This allegation indicates a present claim by SBV. We therefore reject SBV's argument that *PHL* is distinguishable.

SBV also argues that *Senn Park Nursing Center v. Miller*, 104 Ill. 2d 169 (1984), supports its argument that sovereign immunity does not bar its action. In *Senn Park*, this court held that sovereign immunity did not bar the plaintiffs' action to compel the Director of Public Aid to pay them in accordance with a previously approved state plan. *Senn Park*, 104 Ill. 2d at 175-76. This court reasoned that the state could not "justifiably claim interference with its functions when the act complained of by plaintiffs is unauthorized by statute." *Senn Park*, 104 Ill. 2d at 188. *Senn Park* is clearly distinguishable from this case because the plaintiffs in *Senn Park* sought prospective injunctive relief, in the form of an order of *mandamus*. SBV is not seeking to prevent the Director from acting in an unauthorized manner. Rather, SBV is seeking a declaration of its rights under a lease agreement and the enabling statute.

Here, count III of SBV's complaint purports to seek a declaratory judgment. Count III, however, seeks a judgment finding that the lease is binding, including options to renew terms to 2044, and to award costs, expenses, attorney fees, and provide "such other and further relief as justice requires." In effect, count III of SBV's complaint seeks a determination of its renewal rights, a claim founded on a contract entered into between SBV and the state. Additionally, count III of SBV's "declaratory judgment action" asks for a finding that "the Enabling Statute authorized the State to enter into the Lease with [SBV]." This claim falls squarely within the exclusive jurisdiction of the Court of Claims.

The dispute in this case is over CMS's interpretation of the enabling statute–an actual controversy relating to CMS's present interpretation of CMS's rights under the terms of the lease. The complaint also alleges present damage. Accordingly, we hold that count III of SBV's complaint is barred by sovereign immunity and the appellate court and circuit court judgments should be reversed. We remand this cause to the circuit court with directions to enter an order dismissing count III of SBV's complaint. Based on our determination that the action is barred by sovereign immunity, we need not address the merits of the declaratory judgment action.

## III. CONCLUSION

For the foregoing reasons, we reverse the judgments of the appellate court and circuit court and remand to the circuit court with instructions to enter an order dismissing count III of SBV's complaint.

*Reversed and remanded with directions.*