# Illinois Official Reports

## Appellate Court

> *Hastings Mutual Insurance Co. v. Blinderman Construction Co.*,
> 2017 IL App (1st) 162234

| | |
|---|---|
| Appellate Court Caption | HASTINGS MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. BLINDERMAN CONSTRUCTION COMPANY, INC., and THE ESTATE OF ROBERT WOODS by Cynthia Sosnowski of the Estate and Person of Robert Woods, Defendants (Blinderman Construction Company, Inc., Defendant-Appellant). |
| District & No. | First District, Second Division<br>Docket No. 1-16-2234 |
| Filed | October 24, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-19115; the Hon. Franklin U. Valderrama, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Cremer, Spina, Shaughnessy, Jansen & Siegert, of Chicago (Brian A. O'Gallagher and Margaret Domanski, of counsel), for appellant.<br><br>Mulherin, Rehfeldt & Varchetto, of Wheaton (Ray H. Rittenhouse, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE NEVILLE delivered the judgment of the court, with opinion.<br>Justices Hyman and Mason concurred in the judgment and opinion. |

**OPINION**

¶ 1     This case raises the question of whether a subcontractor's insurer has a duty to defend the general contractor, an additional insured under its policy, in a lawsuit brought by an injured employee of the subcontractor. In the underlying lawsuit, the Estate of Robert Woods, the injured employee of the subcontractor, JM Polcurr, Inc. (Polcurr), sued the general contractor, Blinderman Construction Company, Inc. (Blinderman), for negligence. The complaint included no allegations about the acts of Polcurr. Polcurr's insurer, Hastings Mutual Insurance Company (Hastings), filed a separate lawsuit for a judgment declaring that it had no duty to defend Blinderman in the underlying lawsuit. The circuit court granted a motion for summary judgment in favor of Hastings on its complaint.

¶ 2     In this appeal, we hold that the absence of allegations about Polcurr in the underlying complaint does not suffice to meet Hastings's burden of proving that the injury occurred through no fault of Polcurr. Accordingly, we reverse the judgment and remand for further proceedings.

¶ 3                                         BACKGROUND

¶ 4     The Public Building Commission of Chicago hired Blinderman to serve as general contractor for a construction project at Sauganash Elementary School. On June 22, 2010, Blinderman hired Polcurr to do the electrical work for the project. Blinderman's contract with Polcurr required Polcurr to purchase insurance naming Blinderman as an additional insured for Polcurr's work on the project. Polcurr purchased the required insurance from Hastings.

¶ 5     On July 19, 2011, Robert Woods suffered a severe injury at work on the project. He regained consciousness in the hospital about one month later. He has not worked since the accident. A court appointed Woods's daughter, Cynthia Sosnowski, to serve as plenary guardian for Woods and Woods's estate.

¶ 6              The Underlying Lawsuit: Estate of Woods v. Blinderman

¶ 7     In February 2014, the Estate of Woods filed a complaint against Blinderman, alleging that Woods fell from a ladder while working at Sauganash for Polcurr. The estate alleged that Blinderman

>          "a. Failed to provide a safe and suitable support and platform for the work;
>
>          b. Failed to properly supervise, coordinate, inspect, manage, control and schedule the work;
>
>          c. Failed to provide a safe place of work; and
>
>          d. Failed to warn of the dangerous condition then and there existing, when Defendants knew, or should have known, that warning was necessary to avoid injury to Plaintiff."

¶ 8     Blinderman tendered defense of the lawsuit to Hastings. Hastings rejected the tender, citing, as a basis for the rejection, the following clause in its insurance policy:

>          "With respect to the insurance afforded to these additional insureds, the following exclusions apply:
>
>          ***

*** [L]iability arising out of the sole negligence of the additional insured or by those acting on behalf of the additional insured."

¶ 9    Blinderman filed a third-party complaint against Polcurr, arguing that Polcurr should pay a share of any liability assessed against Blinderman because Polcurr failed to inspect the premises, improperly maintained Woods's work area, failed to warn Woods of dangerous conditions, and permitted Woods to use an unstable ladder without appropriate safety equipment.

¶ 10                                Hastings's Complaint

¶ 11    In November 2014, Hastings filed the complaint that initiated the case now on appeal. Hastings sought a judgment declaring that it had no duty to defend or indemnify Blinderman for its potential liability in Estate of Woods v. Blinderman. Blinderman and Hastings both filed motions for summary judgment in the declaratory judgment action.

¶ 12    Blinderman supported its motion for summary judgment with its third-party complaint against Polcurr and depositions of two Polcurr employees. According to the employees, Blinderman gave no directions to Polcurr employees about their work. Polcurr employees, including Woods, used only Polcurr equipment. Blinderman had a safety program and a safety inspector at the worksite. At times, Blinderman's inspector directed workers for the subcontractors to take specific measures for their safety.

¶ 13    The circuit court held that the court could not consider the allegations of the third-party complaint when determining whether Hastings had a duty to defend Blinderman. The circuit court held that the exclusion for liability arising from Blinderman's sole negligence applied, and Hastings had no duty to defend Blinderman because the underlying complaint did not allege or suggest that Polcurr acted negligently. Blinderman now appeals.

¶ 14                                    ANALYSIS

¶ 15    We review *de novo* the order granting Hastings's motion for summary judgment. *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278, 292 (2001). Our supreme court set out the basic principles applicable here:

"If the underlying complaints allege facts *** potentially within policy coverage, the insurer is obliged to defend its insured ***. An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the underlying complaints that the allegations fail to state facts which bring the case *** potentially within[ ] the policy's coverage. ***

The underlying complaints and the insurance policies must be liberally construed in favor of the insured. *** All doubts and ambiguities must be resolved in favor of the insured." (Emphases omitted.) *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73-74 (1991).

See also *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 107-08 (1992).

¶ 16    The *Wilkin* court held that the insurer in that case had a duty to defend because the policy exclusions "d[id] not preclude potential coverage under the policy." *Wilkin*, 144 Ill. 2d at 81.

¶ 17    The circuit court here held that the policy exclusion for liability arising from Blinderman's sole negligence established that Hastings had no duty to defend Blinderman. "[T]he insurer

bears the burden of establishing that a claim falls within a provision of the policy that limits or excludes coverage." *Old Second National Bank v. Indiana Insurance Co.*, 2015 IL App (1st) 140265, ¶ 22; see *Addison Insurance Co. v. Fay*, 232 Ill. 2d 446, 453-54 (2009). Thus, Hastings had the burden of showing that Blinderman's liability arose out of the sole negligence of Blinderman or those acting on Blinderman's behalf and not from the negligent acts or omissions of Polcurr.

¶ 18　　The circuit court focused on the absence of allegations about Polcurr in the complaint the Estate of Woods filed against Blinderman. By adopting that focus, the circuit court ignored the context in which the Estate filed its complaint. In *Pekin Insurance Co. v. Centex Homes*, 2017 IL App (1st) 153601, the court said:

> "[T]he allegations of the underlying complaint must be read with the understanding that the employer may be the negligent actor even where the complaint does not include allegations against that employer. [Citation.]
>
> 　　***
>
> 　　*** '[S]ilen[ce] as to any acts or omissions' by the named insured must be understood as the possible result of tort immunity for employers under the workers' compensation laws and should not be a basis for refusing to defend an additional insured." *Centex Homes*, 2017 IL App (1st) 153601, ¶¶ 36-38 (quoting *Ramara, Inc. v. Westfield Insurance Co.*, 814 F.3d 660, 677 (3d Cir. 2016)).

¶ 19　　The Estate of Woods in its complaint did not specifically allege that Polcurr's acts or omissions caused the injury. But the estate did not expect to recover damages from Polcurr and had no reason to include allegations about the acts or omissions of Polcurr. The complaint's silence concerning Polcurr's acts or omissions does not suffice to meet Hastings's burden of showing that Polcurr's acts or omissions did not contribute to causing the injury.

¶ 20　　Hastings cites *Pekin Insurance Co. v. Roszak/ADC, LLC*, 402 Ill. App. 3d 1055 (2010), for the proposition that "without any allegations in the complaint suggesting" that the subcontractor acted negligently and caused the injury, the subcontractor's insurer had no duty to defend the general contractor. *Roszak*, 402 Ill. App. 3d at 1064; see *American Country Insurance Co. v. Cline*, 309 Ill. App. 3d 501, 512 (1999) (subcontractor's insurer has no duty to defend additional insured where underlying complaint does not suggest that subcontractor's negligent acts caused injury). In *Roszak*, the policy provided:

> " 'Who is An Additional Insured *** is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability incurred solely as a result of some act or omission of the named insured and not for its own independent negligence or statutory violation.' " *Roszak*, 402 Ill. App. 3d at 1058.

¶ 21　　The additional insured in *Roszak* bore the burden of proving that the limiting language did not apply because the limiting language appeared in the coverage grant and not in a separate exclusionary clause. Because the limiting language the circuit court relied on here appeared in a separate exclusion, we have no basis for shifting the burden of proof from the insurer to the insured. The insurer must meet the burden of proving that its exclusions apply and preclude coverage. *Addison Insurance*, 232 Ill. 2d at 454.

¶ 22    We note that Blinderman's third-party complaint against Polcurr includes allegations consistent with the Estate's complaint, showing how Polcurr's acts or omissions might have contributed to causing Woods's injury. However, Blinderman would need to use those pleadings only if it bore the burden of proving that Polcurr's acts or omissions might have contributed to causing Woods's injury. Because the Estate's complaints include no allegations about Polcurr's acts or omissions, and Hastings has presented no evidence concerning Polcurr's acts or omissions, Hastings has not met its burden of proving that Blinderman's liability in the underlying case arose out of Blinderman's "sole negligence." Thus, we need not address Blinderman's argument that the court should have considered the allegations of the third-party complaint Blinderman filed against Polcurr to help the court determine whether the injury resulted from the sole negligence of Blinderman. We also need not address Blinderman's argument that Hastings knew true but unpleaded facts that showed Polcurr might owe Blinderman compensation for Polcurr's role in causing the injury. We reverse the summary judgment entered in favor of Hastings and remand for proceedings in accord with this opinion.

¶ 23                                    CONCLUSION

¶ 24    In the underlying complaint that the Estate of Woods filed against Blinderman, the estate alleged that Woods sustained an injury while working for Polcurr but included no other allegations about Polcurr's conduct. We hold that, because Polcurr's insurer, Hastings, presented no evidence concerning Polcurr's conduct, Hastings has not met its burden of proving that Polcurr's conduct did not in any way contribute to causing the injury Woods sustained. Therefore, we reverse the judgment entered in favor of Hastings and remand for further proceedings in accord with this opinion.

¶ 25    Reversed and remanded.