# Illinois Official Reports

## Appellate Court

*Core Construction Services of Illinois, Inc. v. Zurich American Insurance Co.*,
2019 IL App (4th) 180411

| | |
|---|---|
| Appellate Court Caption | CORE CONSTRUCTION SERVICES OF ILLINOIS, INC., a Corporation, Plaintiff-Appellant, v. ZURICH AMERICAN INSURANCE COMPANY, SCHINDLER ELEVATOR CORPORATION, and MICHAEL DINEEN, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-18-0411 |
| Filed | April 12, 2019 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 17-MR-417; the Hon. Paul G. Lawrence, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | David B. Mueller and Ian M. White, of Cassidy & Mueller P.C., of Peoria, for appellant.<br><br>Robert L. Larsen and Heather A. Begley, of Cunningham, Meyer & Vedrine, P.C., of Warrenville, for appellees Zurich American Insurance Company and Schindler Elevator Corporation. |

Panel                 JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Turner and Cavanagh concurred in the judgment and opinion.

## OPINION

¶ 1    State Farm is an insurance company with offices in Bloomington, Illinois. Core Construction Services of Illinois (Core) is a construction company. Schindler Elevator Corporation (Schindler) manufactures, installs, and modernizes elevators and escalators. Zurich American Insurance Company (Zurich) is an insurance provider for Schindler.

¶ 2    Core was the general contractor for a construction project at a State Farm facility in Bloomington, Illinois. Core hired Schindler as a subcontractor to perform work on escalators. Michael Dineen was an employee of Schindler. The subcontract agreement required that Schindler name Core and State Farm as additional insureds under its insurance policy. Ultimately, Dineen was injured on the job, and he sued Core and State Farm. Core tendered the claim to Zurich, but Zurich denied coverage.

¶ 3    In June 2017, Core filed a complaint for declaratory judgment, arguing that Zurich was obligated to defend and indemnify it as an additional insured. Core included Schindler as a defendant, arguing that Schindler may have breached the subcontract agreement by failing to purchase adequate insurance. In November 2017, Zurich and Schindler (defendants) filed a motion for judgment on the pleadings, arguing that Core was not owed a defense because "there is not one word within the [underlying complaint] against CORE that alleges any negligent act or omission by Schindler." Core filed a response in which it argued "Dineen's resulting bodily injuries were caused in whole or in part by his employment and therefore in whole or in part by the acts and omissions of his employer, Schindler." The trial court granted defendants' motion for judgment on the pleadings and later denied Core's motion to reconsider.

¶ 4    Core appeals, raising numerous arguments. However, the only relevant issue on appeal is whether the trial court erred by granting defendants' motion for judgment on the pleadings. We conclude that defendants were not entitled to judgment on the pleadings because the allegations in the underlying complaint must be read within the context of the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2016)), meaning that silence in an underlying complaint as to an employer's possible negligence must be understood as the possible result of tort immunity for employers. Accordingly, we reverse and remand for further proceedings.

¶ 5                                  I. BACKGROUND
¶ 6                      A. Core's Complaint for Declaratory Judgment
¶ 7    In June 2017, Core filed a complaint for declaratory judgment, arguing that Zurich was obligated to defend and indemnify it as an additional insured. The following information derives from this complaint and its attachments.

¶ 8                                    1. *The Subcontract Agreement and Insurance Policy*

¶ 9        Core was the general contractor for a construction project at a State Farm facility in Bloomington, Illinois. In March 2015, Core hired Schindler as a subcontractor to work on State Farm's escalators. Their agreement provided that Schindler was responsible for the safety and supervision of its employees.

¶ 10       The subcontract agreement also required Schindler to name Core and State Farm as additional insureds under its insurance policy. As additional insureds, Core and State Farm would be insured against the acts or omissions of Schindler. However, Core and State Farm would not be insured for their own negligent acts or omissions. Schindler's insurance policy, in relevant part, provided as follows:

> "*A. Section II -Who Is An Insured* is amended to include [Core and State Farm] as an additional insured \*\*\* but only with respect to liability for 'bodily injury', 'property damage' or 'personal and advertising injury' caused, in whole or in part, by:
>
> 1. [Schindler's] acts or omissions; or
>
> 2. The acts or omissions of those acting on [Schindler's] behalf;
>
> in the performance of [Schindler's] ongoing operations for the additional insured(s) at the location(s) designated above."

¶ 11                                   2. *The Underlying Complaint*

¶ 12       In November 2016, Dineen sued Core and State Farm for injuries he sustained while at the construction site. Dineen did not allege that Schindler was responsible for the accident. Schindler was not named as a defendant in the case.

¶ 13       Dineen noted that during August 2015, he was "an employee of Schindler \*\*\* and was working at the State Farm facility located in Bloomington, Illinois." Dineen alleged that while he was working on an escalator, Core and State Farm "permitted unfettered and unrestrained access to the worksite, and permitted unskilled workers to suddenly approach and engage heavy equipment, unannounced and without any training, thus causing [Dineen] to come into contact with 1,700 pounds of equipment and resulting in serious injury \*\*\* ." Dineen alleged that Core and State Farm were negligent in one or more of the following respects:

> "a. failed to provide a safe, suitable and proper work site;
>
> b. failed to properly plan and organize the escalator replacement project so as to prevent non-essential and untrained staff from running through the project site;
>
> c. failed to properly schedule and staff the construction project prior to permitting untrained staff to assist in the movement of heavy equipment;
>
> d. failed to inform Plaintiff and Schindler that untrained staff would be permitted access to the escalator renovation in a hazardous manner;
>
> e. failed to hold proper safety meetings concerning the safety precautions required prior to performance of work;
>
> f. permitted its employees, agents, designees, invitees, contractors and subcontractors to work in proximity to the escalator repair site and its heavy equipment without providing or distributing notice or warning, when Defendant[s] knew, or should [have] known, such provision and distribution would have eliminated

and/or minimized accidental and/or inadvertent operation and/or injury resulting from careless conduct by unskilled or untrained persons; and

g. failed to use reasonable care in the exercise of control over the construction work related to the escalators."

¶ 14                                      3. *The Denial of Coverage*

¶ 15     In January 2017, Core tendered Dineen's claim to Zurich. In March 2017, Zurich declined to defend or indemnify Core as an additional insured because "coverage would not be triggered under the additional insured endorsements as the injury did not arise solely out of Schindler's negligent acts, errors or omissions or liability caused in whole or in part by Schindler."

¶ 16                          B. The Procedural History of This Case

¶ 17     In June 2017, Core filed a complaint for declaratory judgment, arguing that Zurich was obligated to defend and indemnify it as an additional insured. Core included Schindler as a defendant, arguing that Schindler may have breached the subcontract agreement by failing to purchase adequate insurance. In November 2017, defendants, Zurich and Schindler, filed a motion for judgment on the pleadings. Defendants argued that the policy only provided coverage to Core when Core was vicariously liable for the acts or omissions of Schindler. To that point, defendants noted that "there is not one word within the [underlying complaint] against CORE that alleges any negligent act or omission by Schindler."

¶ 18     In January 2018, Core filed a response in which it argued "it must be presumed that the accident and Dineen's resulting bodily injuries were caused in whole or in part by [his] employment and therefore in whole or in part by the acts and omissions of his employer, Schindler." Core also discussed State Farm's third-party complaint for contribution against Schindler in which State Farm alleged that Schindler was partially responsible for Dineen's injuries. The trial court took judicial notice of this third-party complaint.

¶ 19     In March 2018, the trial court granted defendants' motion for judgment on the pleadings. In May 2018, the court denied Core's motion to reconsider. The trial court did not provide a written explanation of either of its rulings, and the record does not include transcripts of the proceedings below.

¶ 20     This appeal followed.

¶ 21                                      II. ANALYSIS

¶ 22     Core appeals, raising numerous arguments. However, the only relevant issue on appeal is whether the trial court erred by granting defendants' motion for judgment on the pleadings. We conclude that defendants were not entitled to judgment on the pleadings because the allegations in the underlying complaint must be read within the context of the Workers' Compensation Act, meaning that silence in an underlying complaint as to an employer's possible negligence must be understood as the possible result of tort immunity for employers. Accordingly, we reverse and remand for further proceedings.

- 4 -

¶ 23                                    A. The Applicable Law

¶ 24         "Any party may seasonably move for judgment on the pleadings." 735 ILCS 5/2-615(e) (West 2016). Judgment on the pleadings is proper when (1) the pleadings disclose no genuine issue of material fact and (2) the moving party is entitled to judgment as a matter of law. *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 52; *Allstate Property & Casualty Insurance Co. v. Trujillo*, 2014 IL App (1st) 123419, ¶ 15, 7 N.E.3d 110. For purposes of resolving the motion, a court should consider as admitted all well-pleaded facts as set forth in the pleadings of the nonmoving party and any fair inferences drawn therefrom. *State Bank of Cherry v. CGB Enterprises, Inc.*, 2013 IL 113836, ¶ 65, 984 N.E.2d 449. The grant of a motion for judgment on the pleadings is reviewed *de novo*. *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 157, 940 N.E.2d 1122, 1126 (2010).

¶ 25         In a declaratory judgment action when the issue is whether the insurer has a duty to defend, courts first look to the allegations in the underlying complaint and compare those allegations to the relevant provisions of the insurance policy. *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 455, 930 N.E.2d 1011, 1016-17 (2010). The interpretation of an insurance policy is a question of law reviewed *de novo*. *Id.* The insurer has a duty to defend if the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage. *Illinois State Bar Ass'n Mutual Insurance Co. v. Leighton Legal Group, LLC*, 2018 IL App (4th) 170548, ¶ 35, 103 N.E.3d 1087. An insurer may not refuse to defend an action against its insured unless it is clear from the face of the underlying complaint that the allegations fail to state facts that bring the case within, or potentially within, the insured's policy coverage. *Pekin Insurance Co. v. Centex Homes*, 2017 IL App (1st) 153601, ¶ 34, 72 N.E.3d 831. In making this determination, the allegations in the underlying complaint must be liberally construed in favor of the insured. *Id.* When the alleged facts support multiple theories of recovery, the insurer has a duty to defend if any one of those theories potentially falls within the policy's coverage. *Id.* "As the threshold for pleading a duty to defend is low, any doubt with regard to such duty is to be resolved in favor of the insured." *United Services Automobile Ass'n v. Dare*, 357 Ill. App. 3d 955, 963, 830 N.E.2d 670, 678 (2005).

¶ 26         When determining whether an insurer owes a duty to defend, "a trial court may consider evidence beyond the underlying complaint if in doing so the trial court does not determine an issue critical to the underlying action." *American Economy Insurance Co. v. Holabird & Root*, 382 Ill. App. 3d 1017, 1031, 886 N.E.2d 1166, 1178 (2008) (cited with approval in *Wilson*, 237 Ill. 2d at 459-61). In the context of an insurer's duty to defend, the trial court may look beyond the underlying complaint and consider (1) the contract between the named insured and an additional insured, (2) counterclaims against the named insured, and (3) third-party complaints against the named insured. *Centex Homes*, 2017 IL App (1st) 153601, ¶ 35; *Illinois Emcasco Insurance Co. v. Waukegan Steel Sales Inc.*, 2013 IL App (1st) 120735, ¶ 15, 996 N.E.2d 247; see also *Wilson*, 237 Ill. 2d at 468.

¶ 27         When an employer is not alleged to have been negligent, the trial court must construe the underlying complaint within the context of the immunity provided by the Act. *Centex Homes*, 2017 IL App (1st) 153601, ¶ 36. The Act provides financial protection to workers for accidental injuries arising out of and in the course of their employment. *Falge v. Lindoo Installations, Inc.*, 2017 IL App (2d) 160242, ¶ 14, 74 N.E.3d 520. Generally speaking, the Act requires that employers pay for an employee's medical care, a portion of his or her lost wages, vocational rehabilitation, and death benefits to surviving family members. See 820

ILCS 305/7, 8 (West 2016). The Act imposes liability without fault upon the employer and, in return, prohibits common-law suits by employees against the employer. *Reichling v. Touchette Regional Hospital, Inc.*, 2015 IL App (5th) 140412, ¶ 25, 37 N.E.3d 320. Section 5(a) of the Act prohibits employees from suing their employers for negligence. *Falge*, 2017 IL App (2d) 160242, ¶ 14; 820 ILCS 305/5(a) (West 2016). This provision "is part of the *quid pro quo*, pursuant to which the employer assumes a new liability without fault but is relieved of the possibility of large damage verdicts." *Reichling*, 2015 IL App (5th) 140412, ¶ 25; see Dan DeBias, Comment, *Protecting Injured Workers by Eliminating the Use of the American Medical Association Guides in the Evaluation of Permanent Partial Disability*, 50 J. Marshall L. Rev. 589, 592-94 (2017) (discussing the history of the Act). In relevant part, the Act states as follows:

> "No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act[.]" 820 ILCS 305/5(a) (West 2016).

¶ 28    In *Centex Homes*, 2017 IL App (1st) 153601, the First District interpreted the relationship between the Workers' Compensation Act and an insurer's duty to defend and reasoned as follows:

> "One fact that is common in almost all of these construction cases is that the Workers' Compensation Act (820 ILCS 305/5(a) (West 2000)) gives tort immunity to the injured worker's direct employer, thereby barring the injured worker from bringing a personal injury complaint against his or her employer. *American Country Insurance Co. v. James McHugh Construction Co.*, 344 Ill. App. 3d 960, 963 (2003). As a result, the direct employer, who is generally the named insured, is not typically a named defendant in the underlying case. *** [T]he allegations of the underlying complaint must be read with the understanding that the employer may be the negligent actor even where the complaint does not include allegations against that employer. [Citation.]
>
> ***
>
> *** [T]he underlying complaint need not expressly allege that the named insured was negligent. [*Pekin Insurance Co. v.*] *CSR Roofing* [*Contractors, Inc.*], 2015 IL App (1st) 142473, ¶ 50. Indeed, as the Third Circuit noted in *Ramara*, 'silen[ce] as to any acts or omissions' by the named insured must be understood as the possible result of tort immunity for employers under the workers' compensation laws and should not be a basis for refusing to defend an additional insured." *Id.* ¶¶ 36, 38 (quoting *Ramara, Inc. v. Westfield Insurance Co.*, 814 F.3d 660, 677-78 (3d Cir. 2016)).

¶ 29    In *Hastings Mutual Insurance Co. v. Blinderman Construction Co.*, 2017 IL App (1st) 162234, ¶ 4, 91 N.E.3d 439, Blinderman was the general contractor for a construction project. Blinderman hired a subcontractor, JM Polcurr, Inc., to perform electrical work. *Id.* The subcontract agreement required Polcurr to name Blinderman as an additional insured under its insurance policy. *Id.* However, the insurance policy excluded coverage for the sole negligence of Blinderman. *Id.* ¶ 8.

¶ 30    Eventually, one of Polcurr's employees was injured on the job. *Id.* ¶ 1. The estate of the employee filed a complaint against Blinderman but did not name Polcurr as a defendant. *Id.*

In fact, the underlying complaint "included no allegations about the acts of Polcurr." *Id.* Blinderman eventually filed a third-party complaint against Polcurr, arguing that it was partially responsible for the accident. *Id.* ¶ 9.

Blinderman tendered the claim to Hastings, which was Polcurr's insurer. *Id.* ¶ 8. Hastings rejected the tender, arguing that the underlying complaint arose out of the sole negligence of Blinderman. *Id.* Hastings then filed a motion for declaratory judgment, arguing that it owed no duty to defend or indemnify Blinderman in the underlying lawsuit. *Id.* ¶ 11. Blinderman and Hastings both filed motions for summary judgment. *Id.* The trial court granted Hastings's motion for summary judgment, concluding that the policy exclusion for liability arising from Blinderman's sole negligence established that Hastings had no duty to defend. *Id.* ¶¶ 13, 17.

On appeal, the First District dealt with "the question of whether a subcontractor's insurer has a duty to defend the general contractor, an additional insured under its policy, in a lawsuit brought by an injured employee of the subcontractor." *Id.* ¶ 1. The First District noted that the underlying complaint "included no allegations about the acts of Polcurr." *Id.* Nonetheless, the First District reversed the trial court because "the absence of allegations about Polcurr in the underlying complaint does not suffice to meet Hastings's burden of proving that the injury occurred through no fault of Polcurr." *Id.* ¶ 2. In reaching this conclusion, the First District concluded that the trial court "ignored the context in which the Estate filed its complaint" because the Act barred recovery against Polcurr. *Id.* ¶ 18. To this point, the First District reasoned as follows:

> "The Estate *** did not specifically allege that Polcurr's acts or omissions caused the injury. But the Estate did not expect to recover damages from Polcurr and had no reason to include allegations about the acts or omissions of Polcurr. The complaint's silence concerning Polcurr's acts or omissions does not suffice to meet Hastings's burden of showing that Polcurr's acts or omissions did not contribute to causing the injury." *Id.* ¶ 19.

### B. This Case

Defendants were not entitled to judgment as a matter of law because the allegations in the underlying complaint must be read within the context of the immunity provided by the Act. *Centex Homes*, 2017 IL App (1st) 153601, ¶ 36. Furthermore, it is not clear from the face of the underlying complaint that the allegations fail to state facts that bring the case within, or potentially within, the insured's policy coverage. See *Hastings*, 2017 IL App (1st) 162234, ¶ 19 ("The [underlying] complaint's silence concerning [a subcontractor's] acts or omissions does not suffice to meet [an insurer's] burden of showing that [the subcontractor's] acts or omissions did not contribute to causing the injury.").

In this case, Core was the general contractor, and Schindler was a subcontractor. Pursuant to their agreement, Schindler was subcontracted to work on State Farm's escalators and was responsible for the safety and supervision of its employees. Schindler named Core and State Farm as additional insureds under its policy for bodily injury caused, in whole or in part, by Schindler's acts or omissions.

Dineen, one of Schindler's employees, was injured at the construction site while he was working on an escalator. In his underlying complaint, Dineen alleged that Core and State Farm "permitted unfettered and unrestrained access to the worksite," which caused him to be injured when he came "into contact with 1,700 pounds of equipment." In pertinent part,

Dineen alleged that State Farm and Core were negligent because they "failed to provide a safe, suitable and proper work site" and "failed to use reasonable care in the exercise of control over the construction work related to the escalators." Dineen's underlying complaint did not allege that Schindler was negligent.

¶ 37 However, "the allegations of the underlying complaint must be read with the understanding that the employer may be the negligent actor even where the complaint does not include allegations against that employer." *Centex Homes*, 2017 IL App (1st) 153601, ¶ 36. Silence as to any acts or omissions of the employer "must be understood as the possible result of tort immunity for employers under the workers' compensation laws and should not be a basis for refusing to defend an additional insured." *Id.* ¶ 38.

¶ 38 When the allegations in the underlying complaint are liberally construed in favor of the insured, the potential exists that Schindler's acts or omissions caused Dineen's injuries. For example, Dineen alleged that he was injured while working on an escalator because Core and State Farm "failed to provide a safe, suitable and proper work site" and "failed to use reasonable care in the exercise of control over the construction work related to the escalators." However, pursuant to the subcontract agreement, Schindler was responsible (1) for the work on the escalator and (2) for the safety and supervision of its employees. As such, it is possible that Schindler "failed to provide a safe, suitable and proper work site" and "failed to use reasonable care in the exercise of control over the construction work related to the escalators."

¶ 39 Accordingly, Zurich has a duty to defend Core in the underlying lawsuit because there is the potential that Schindler's acts or omissions caused Dineen's injuries. The silence in the underlying complaint as to Schindler's possible negligence "must be understood as the possible result of tort immunity for employers" and is not a basis for Zurich to refuse to defend Core. *Id.* Therefore, the trial court erred when it granted defendants' motion for judgment on the pleadings. Because we conclude that the trial court erred, we need not discuss Core's alternative arguments.

¶ 40                                    III. CONCLUSION

¶ 41        For the reasons stated, we reverse and remand for further proceedings.

¶ 42        Reversed and remanded.