# Illinois Official Reports

## Appellate Court

---

> ### *Illinois State Bar Ass'n Mutual Insurance Co. v. Canulli,*
> ### 2019 IL App (1st) 190141

---

| | |
|---|---|
| Appellate Court Caption | ILLINOIS STATE BAR ASSOCIATION MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. MICHAEL D. CANULLI, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>No. 1-19-0141 |
| Filed<br>Rehearing denied | November 1, 2019<br>February 4, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 11-CH-5420, 12-CH-12834; the Hon. Peter Flynn, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Michael D. Canulli, of Naperville, appellant *pro se*.<br><br>Robert Marc Chemers and Scott L. Howie, of Pretzel & Stouffer, Chtrd., of Chicago, for appellee. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.<br>Justices Connors and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant-appellant Michael D. Canulli challenges the circuit court of Cook County's entry of judgment in favor of plaintiff-appellee Illinois State Bar Association Mutual Insurance Company (ISBA Mutual) in its declaratory judgment action. Finding that Canulli failed to file a timely notice of appeal, we dismiss his appeal for lack of jurisdiction.

¶ 2                                BACKGROUND

¶ 3    ISBA Mutual issued a policy of professional liability insurance to Canulli, an attorney, beginning in June 2009. At some point thereafter, Canulli began representing Maria Freda in her divorce from her husband, Michael Maude. During the course of that litigation, Canulli, on Freda's behalf, filed a third-party complaint against a number of individuals and entities referred to collectively as "Prairie State."

¶ 4    On May 12, 2010, Prairie State moved for sanctions against Canulli and Freda, alleging that the suit against it was not well grounded in fact or law and was instead intended solely to harass Prairie State. Canulli requested ISBA Mutual to defend him against the sanctions motion, but ISBA Mutual rejected his tender. In February 2011, ISBA Mutual filed a complaint (case No. 11 CH 5420), seeking a declaratory judgment that it did not owe Canulli a duty to defend.

¶ 5    Three months later, in May 2011, Freda sued Canulli for malpractice. This time, ISBA Mutual accepted the tender of defense and retained counsel to defend Canulli. However, when Freda later amended her complaint to seek only a reduction in legal fees, ISBA Mutual withdrew its tender and filed a separate declaratory judgment action against Canulli (case No. 12 CH 12834), seeking a finding that it owed no duty to defend Canulli against the legal malpractice complaint. Over ISBA Mutual's objection, the two declaratory judgment actions were consolidated.

¶ 6    In April 2014, the circuit court ruled on the parties' cross motions for summary judgment in both actions. With respect to the declaratory judgment action regarding the sanctions motion, which ISBA Mutual filed against Canulli, the court found that ISBA Mutual had no duty to defend Canulli against the motion, but the court declined to enter summary judgment in ISBA Mutual's favor in order to allow additional briefing on the issue of whether ISBA Mutual had waived, or was estopped from, denying its duty to defend.

¶ 7    Four years later, on April 24, 2018, the circuit court, having been fully briefed, granted ISBA Mutual's motion for summary judgment in its declaratory judgment action against Canulli regarding the sanctions motion.[1] The circuit court declined to reach the issues of waiver and estoppel because, in the intervening years, Prairie State and Canulli had settled the sanctions dispute and Canulli owed nothing in connection with the settlement. Significantly, the court did *not* enter judgment on ISBA Mutual's declaratory judgment action against Canulli regarding the legal malpractice complaint. Accordingly, in its ruling, the court stated that there was "no reason to delay enforcement of or appeal from (assuming such an appeal is possible)"

_____

[1]Confusingly, the court explicitly granted ISBA Mutual's "Motion for Entry of Judgment" but also dismissed the case as moot. In any event, for our purposes of analysis, it is irrelevant whether case No. 11 CH 5420 concluded with either a judgment in favor of ISBA Mutual or a dismissal.

its judgment in favor of ISBA Mutual with regard to its duty to defend Canulli against the sanctions motion.

¶ 8    On November 16, 2018, Canulli moved to reconsider the court's judgment. ISBA Mutual moved to strike his motion as untimely, and on December 17, 2018, the circuit court of Cook County denied Canulli's motion to reconsider. Canulli filed his notice of appeal on January 16, 2019.

¶ 9                                              ANALYSIS

¶ 10    Prior to the commencement of briefing, ISBA Mutual moved to dismiss this appeal for lack of jurisdiction. We took the motion to dismiss in conjunction with our review of the case, and now, finding this issue dispositive, we need not reach the merits of Canulli's appeal.

¶ 11    Illinois Supreme Court Rule 303(a) (eff. July 1, 2017) governs the exercise of appellate jurisdiction. The rule provides that a party has 30 days from the entry of a final and appealable order to file either a postjudgment motion or a notice of appeal. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); see *Brentine v. DaimlerChrysler Corp.*, 356 Ill. App. 3d 760, 765 (2005). Ordinarily, an order is final, and an appeal may be taken, when a court has resolved all claims against all parties. *Ely v. Pivar*, 2018 IL App (1st) 170626, ¶ 30. However, an order may be final notwithstanding the fact that it does *not* dispose of an entire proceeding, if the circuit court makes an express written finding that "there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). (Absent this finding, a judgment that does not dispose of all claims or adjudicate the rights of all parties is not appealable. *Id.*)

¶ 12    In this case, Canulli purports to appeal from the circuit court's order of April 24, 2018, but he did not file a postjudgment motion until November 16, 2018, well after the 30-day deadline. And his notice of appeal was not filed until January 17, 2019, nine months after the entry of the order he seeks to appeal. Because a timely notice of appeal is mandatory and jurisdictional, when a notice is *untimely*, we must dismiss the appeal. *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20.

¶ 13    Canulli maintains that his notice of appeal was timely because the circuit court's order of April 24, 2018, did not dispose of the entire proceeding and did not comply with Rule 304(a). Alternatively, he maintains that the order was not final notwithstanding its compliance with Rule 304(a).

¶ 14    We turn first to a comparison of the language the circuit court used with the language required by Rule 304(a). As noted above (*supra* ¶ 11), Rule 304(a) requires a finding that "there is no just reason for delaying either enforcement or appeal or both." In its order of April 24, 2018, the court entered judgment in favor of ISBA Mutual and dismissed case No. 11 CH 5420 as moot, stating that "[u]nder the circumstances, there is no reason to delay enforcement of or appeal from (assuming such an appeal is possible) that judgment." Canulli argues that the court's failure to include "or both," coupled with the court's inclusion of the qualifying phrase "(assuming such an appeal is possible)" renders it noncompliant with Rule 304(a). We disagree.

¶ 15    As ISBA Mutual aptly notes, the circuit court need not "parrot" Rule 304(a) in order to invoke it. *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 543 (2011). Indeed, we have previously held that we had appellate jurisdiction to review an order stating

- 3 -

that "pursuant to Illinois Supreme Court Rule 304(a) *** there is no just cause to delay an appeal from this court's orders of [dates]." (Internal quotation marks omitted.) *Lee v. Berkshire Nursing & Rehab Center, LLC*, 2018 IL App (1st) 171344, ¶ 4; see also *Rohr Burg Motors, Inc. v. Kulbarsh*, 2014 IL App (1st) 131664, ¶ 37 (holding that circuit court order referring to Rule 304(a) and using the phrase "final and appealable" without reference to the justness of delaying either enforcement or appealability provided us with jurisdiction to hear the appeal). Accordingly, we conclude that the language the circuit court used here clearly invoked Rule 304(a).

¶ 16    We similarly reject Canulli's argument that the circuit court's order of April 24, 2018, was nonfinal because it did not rule on the merits of the parties' dispute regarding ISBA Mutual's duty to defend Canulli against the sanctions motion. To be sure, the inclusion of Rule 304(a) language cannot render final an otherwise nonfinal order (*Lamar Whiteco Outdoor Corp. v. City of West Chicago*, 395 Ill. App. 3d 501, 506 (2009)), but this is not the case here. In the first place, the record belies Canulli's contention that the court did not rule on the merits of the declaratory judgment action: to the contrary, the court specifically found that ISBA Mutual did not owe Canulli a duty to defend because the sanctions motion alleged intentional conduct, while ISBA Mutual's policy covered only negligent conduct. But to the extent the court did *not* rule on the merits (and we acknowledge that the court's order is far from clear (see *supra* ¶ 7 n.1)), it is nevertheless final. An order is final if it "terminates the litigation between the parties on the merits *or disposes of the rights of the parties*, either on the entire controversy or a separate part thereof." (Emphasis added.) *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 23. Here, the court's order of April 24, 2018, which dismissed as moot ISBA Mutual's declaratory judgment action with respect to the sanctions motion, fully disposed of the rights of the parties as to that controversy. Were we to hold otherwise, a party could never seek review of an order dismissing a case as moot merely because that order does not rule on the merits. Such a theory is plainly inaccurate. See, *e.g.*, *Gassman v. Clerk of the Circuit Court*, 2019 IL App (1st) 171543, ¶ 18 (reviewing circuit court's order dismissing complaint as moot).

¶ 17    Finally, we find *Lakeshore Centre Holdings, LLC v. LHC Loan, LLC*, 2019 IL App (1st) 180576, on which Canulli relies, inapposite. Canulli reads *Lakeshore* to hold that, where a court makes a Rule 304(a) finding but a related claim or counterclaim depending on proof of the same or similar operative facts remains unresolved, a notice of appeal within 30 days of the Rule 304(a) finding is not required. Assuming *arguendo* that this is *Lakeshore*'s holding, it is merely another way of stating that Rule 304(a) language cannot save an otherwise nonfinal order. After all, if a claim based on the same operative facts remains pending when the court issues Rule 304(a) language, then the court has not resolved even a part of the dispute, and the order is nonfinal. But here, ISBA Mutual's declaratory judgment action with respect to the sanctions motion is separate from its action with respect to the legal malpractice litigation against Canulli. The actions were based on complaints brought by two different parties alleging wholly disparate facts. Merely because both the sanctions motion and the legal malpractice litigation arose out of the same divorce proceedings, it does not follow that the two are related for purposes of determining whether ISBA Mutual owed Canulli a duty to defend. Such a duty depends on the language of the complaints, not the conduct on which the complaints were based. See *Core Construction Services of Illinois, Inc. v. Zurich American Insurance Co.*, 2019 IL App (4th) 180411, ¶¶ 25-26 (in deciding whether insurer has duty to defend, courts generally look to the allegations of the underlying complaint).

¶ 18    For these reasons, we conclude that Canulli's notice of appeal filed on January 17, 2019, was untimely. Accordingly, we dismiss his appeal for lack of appellate jurisdiction.

¶ 19                                         CONCLUSION

¶ 20    Appeal dismissed.